## YOUST v. UNITED STATES.
### No. 11352.

Circuit Court of Appeals, Fifth Circuit.

Nov. 8, 1945.

Flay E. Randle, of Springfield, Mo., for appellant.

H. S. Phillips, U. S. Atty., of Tampa, Fla., and Fred Botts, Asst. U. S. Atty., of Miami, Fla., for appellee.

Before HUTCHESON, WALLER, and LEE, Circuit Judges.

LEE, Circuit Judge.

On August 1, 1941, appellant was convicted on both counts of an indictment jointly charging him and three others with conspiring, in violation of 18 U.S.C.A. § 88, to transport certain women in interstate commerce for immoral purposes, in violation of 18 U.S.C.A. § 398. On or about the same date he was found guilty on each of eight counts in a second indictment charging him with unlawfully transporting and causing to be transported certain women in interstate commerce for immoral purposes, in violation of 18 U.S.C.A. § 398. On each of the counts of the conspiracy indictment he was sentenced to serve two years in the penitentiary and to pay a fine of $1,000, said sentences to run consecutively. On the first four counts of the second indictment he was sentenced to serve two years in the penitentiary and to pay a fine of $1,000, and to serve a like sentence and pay a like fine on the last four counts of that indictment, said sentences to run consecutively, the first to begin with the expiration of the sentences imposed on Counts 1 and 2 of the conspiracy indictment. On August 4, 1941, appellant was delivered to the warden of the penitentiary in Atlanta, Georgia, to begin serving said sentences.

On January 23, 1945, by written motion he petitioned the United States District Court for the Southern District of Florida to vacate the judgment and sentence on the second count of the conspiracy indictment for the reason that it was illegal and void in that the conspiracy alleged in the second count arose out of the same agreement which constituted the con-

spiracy alleged in the first count, and that for one conspiracy only one sentence could be lawfully imposed. The court below overruled the motion, and appellant prosecuted this appeal, assigning as error the refusal of the court below to vacate the judgment and sentence on Count 2 of the conspiracy indictment for the reason set out in the motion.

Here appellant urges that the four corners of the indictment clearly show that the two counts have to do with one conspiracy, and that the indictment on its face alleges only a single agreement to violate the White-Slave Traffic Act, 18 U.S. C.A. § 397 et seq. Appellee meets this contention by urging first that the question is moot, as appellant has served the sentences imposed upon him on Counts 1 and 2 of the indictment; and second, if not moot, then in the absence of all evidence from the record we must assume that the evidence proved two separate conspiracies, not one, and so assuming must affirm the judgment appealed from.

The two counts, identical in many respects, differed in that Count 1, in the main, alleged the offense of unlawful transportation of three women from Chattanooga, Tennessee, to Dade County, Florida; whereas Count 2, in the main, alleged the offense of unlawful transportation of two women from Atlanta, Georgia, to Dade County, Florida. Specifically, each count set forth in identical language that during January, 1939, and continuously at designated times thereafter up to and including April 8, 1940, in Dade County, Florida, and at divers other places in Georgia and Tennessee appellant unlawfully conspired and agreed to commit certain offenses against the United States of America, in particular, unlawfully to transport and cause to be transported in interstate commerce certain women for the purpose of debauchery; Count 1 named three women as having been transported from Chattanooga, Tennessee, to Dade County, Florida; Count 2 named two women as having been transported from Atlanta, Georgia, to Dade County, Florida.

Seven overt acts are set forth as having effected the conspiracy charged in Count 1, and six, as having effected the conspiracy charged in Count 2. Comparison shows that five of the seven overt acts set forth in Count 1 are identical with five of those set forth in Count 2; one of the remaining overt acts in Count 1 differs from the remaining overt act in Count 2 only in the persons transported and the places from which the transportation originated. These latter acts occurred on the same date and were performed by the same defendant, one of appellant's coconspirators, in an automobile apparently starting in Chattanooga, Tennessee, with three women, passing through Atlanta, Georgia, where two other women were picked up, and terminating the journey in Dade County, Florida. The sole overt act not common to both counts has reference to newspaper advertisements designed and intended to attract and secure female dancers and hostesses for employment in a night club.

▮ That the conspiracy referred to in each count of the indictment was one and the same conspiracy is plain. A mere reading of the indictment makes such conclusion inescapable, for while several violations of the White-Slave Traffic Act were allegedly committed, they were committed in furtherance of a single agreement, and it is the single agreement constituting the conspiracy which is condemned and made punishable by the Act. 18 U.S.C.A. § 88. The fact that several offenses were evidenced by the unlawful transportation in interstate commerce of several women for immoral purposes does not change the single agreement to commit such offenses into several agreements or several conspiracies. Since the indictment alleged but a single conspiracy, appellant could not be given a prison sentence of more than two years, the maximum for a single violation of the conspiracy statute. Braverman v. United States, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23. The imposition of sentence, therefore, of two years imprisonment on Count 1 and two years imprisonment on Count 2, to run consecutively, was, as to the sentence on Count 2, illegal, null, and void.

▮ The contention of the Government that the question is moot since appellant, if he has been credited with good time, has served out the sentences imposed is wholly without merit. Appellant was sentenced to terms of two years each, to run consecutively, on Counts 1 and 2 of the conspiracy indictment, and on Counts 1 to 4 inclusive, and Counts 5 to 8, inclusive, of the unlawful transportation indictment. It is clear, therefore, that appellant is entitled to have a legal sentence imposed on the conspiracy indictment, and to have the court which im-

**668**

posed the sentences originally vacate the illegal sentence imposed on Count 2 of that indictment. Hammers v. United States, 5 Cir., 279 F. 265; Garrison v. Reeves, 8 Cir., 116 F.2d 978.

The fact that appellant may have served a period of time equal to or in excess of sentences imposed on Counts 1 and 2 of the conspiracy indictment may not affect the right of the appellant to insist that the aggregate of the several sentences imposed on the two indictments be reduced from eight to six years and to have the time served applied to the legal sentences; nor may it affect his right to deductions for good conduct from August 4, 1941, the date of his commitment, to be computed on the basis of the aggregate of the several legal sentences. 18 U.S.C.A. § 710.

In Holiday v. Johnston, 313 U.S. 342, 349, 550, 61 S.Ct. 1015, 85 L.Ed. 1392, 1396, the Supreme Court said that the remedy, where two sentences for a single offense are imposed, is to apply for vacation of the sentence and a resentence in conformity to the statute under which the defendant was adjudged guilty.

■ The procedure followed in the Eighth Circuit in such circumstances is clearly set forth in the syllabus in Garrison v. Reeves, supra, in the following words: "Where district judge had sentenced petitioners to imprisonment under each of two counts in indictment, the terms of imprisonment to be served consecutively, and sentence imposed under one count was invalid, district judge was bound to vacate invalid sentence and to transmit to warden of penitentiary wherein petitioners were confined an authenticated record of entry vacating invalid sentence, notwithstanding that term of court at which sentence was imposed had passed, and it was not necessary that petitioners be brought before court when invalid sentence was vacated, since no correction of sentence was involved."

We subscribe to this procedure. The motion to vacate should have been sustained.

The judgment appealed from is, therefore, reversed, and the cause is remanded with directions to vacate the invalid sentence and transmit to the warden of the penitentiary wherein appellant is confined an authentic record of entry vacating the same.

Reversed and remanded with directions.