UNITED STATES of America,
Plaintiff-Appellee,

v.

Milton L. SHUBBIE,
Defendant-Appellant.

No. 85–4009
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 18, 1985.

Milton L. Shubbie, Texarkana, Tex., pro se.

James D. Davis, court appointed, Alexandria, La., for defendant-appellant.

Joseph S. Cage, Jr., U.S. Atty., D.H. Perkins, Jr., Asst. U.S. Atty., Shreveport, La., for plaintiff-appellee.

Before CLARK, Chief Judge, and JERRE S. WILLIAMS, and PATRICK E. HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Shubbie appeals the district court's denial of his claim for § 2255 relief. We affirm.

Shubbie was convicted of three counts of making a false statement in the acquisition of a firearm, 18 U.S.C. § 922(a)(b); receiving a firearm which had been transported interstate after having been convicted of a felony, 18 U.S.C. § 922(h)(1); and possession of a firearm by a convicted felon, 18 U.S.C.App. § 1202(a)(1). He was sentenced to serve two concurrent five-year terms on Counts One and Two and a consecutive two-year term on Count Three.

Shubbie appealed his convictions and this court reversed one of the convictions under the authority of *United States v. Larson,* 625 F.2d 67 (5th Cir.1980), which held that the United States Attorney has the discretion to prosecute under either § 922(h)(1) or § 1202(A)(1), but not both. The case was remanded to the district court to vacate, in its discretion, the judgment under either Count Two or Count Three. On remand the district court vacated the conviction on Count Two. This action had no effect on Shubbie's prison term since Count Two's five-year sentence was to run concurrently with Count One's five year term.

Shubbie was not present when the trial judge dismissed the conviction on Count Two. His appeal of the district judge's action on remand was dismissed as untimely. He then filed a 28 U.S.C. § 2255 motion in district court which was denied. Shubbie appeals that denial.

Shubbie contends that once it was determined that he had been convicted and sentenced under multiple statutes for one offense the district court should have vacated both sentences and resentenced him on the remaining count, in which case he would have the right to be present and allocute. He concedes that the procedure followed in his case appears to have complied with *Larson, supra,* but argues that, even if it was procedurally correct, the approach did not adequately protect his rights.

 The issue to be resolved is whether a defendant is entitled to be present and allocute where this Court has remanded for vacating of the conviction and sentence on one of two counts. Shubbie predicates his argument that he is entitled to allocution on Fed.R.Crim.P. 32(a)(1) and 43(a) which provide that the defendant has a right to be present and allocute when he is sentenced. These rules are inapplicable because Shubbie was present and exercised his right to allocute at the initial sentencing and he has not been resentenced.

Under our mandate the district court was entitled to vacate the judgment on one of the counts without resentencing. While our mandate would not have precluded the more expansive remedy of vacating both sentences and conducting a new sentencing procedure, that is not what was done. The court, which tried the case, had heard allocation and knew the situation intimately, thought it just to vacate one of the sentences rather than conduct a resentencing. Such a procedure was completely in accord with our mandate and that court's discretion.

The government argues that the procedure followed by the district court was authorized by Fed.R.Crim.P. 35 and 43(a), (c)(4) which provide for a reduction in sentence for reasons of lenity. These rules are also inapplicable in this instance because although Shubbie's sentence was reduced, in that a conviction was removed from his record, the judgment was not vacated for reasons of lenity, but because it was illegal to convict and sentence him on both counts.

The factual situation involved in this appeal must be distinguished from the case in which this court vacates all sentences and remands for resentencing. In that instance, the defendant is entitled to be present and allocute. *Williamson v. United States,* 265 F.2d 236, 239 (5th Cir.1959). But here we left to the district court the decision of whether to vacate the judgment on either Count Two or Count Three or to resentence. This Court did not vacate the sentence on any of the counts nor did it direct the district court to consider whether to reduce the sentence on either of the two convictions which would remain. Accordingly, "where an invalid sentence on one count is vacated and a valid sentence on another count is permitted to stand, the presence of the prisoner is not required." *Id. quoting Youst v. United States,* 151 F.2d 666 (5th Cir.1945).

Because the procedure utilized by the district judge did not constitute a resentencing, Shubbie had no right to be present and allocute. The judgment appealed from is

AFFIRMED.