911 F.2d 725
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Avery Nathaniel BRICE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Avery Nathaniel BRICE, Defendant-Appellant.
 Nos. 89-5674, 89-6402.
 United States Court of Appeals, Fourth Circuit.
 Argued April 5, 1990.
Decided Aug. 1, 1990.
 
 Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, Chief District Judge. (CR-87-27)
 Timothy Hugh Graham, Dozier, Miller, Pollard & Murphy, Charlotte, N.C., for appellant.
 Thomas Ernest Booth, Criminal Division, United States Department of Justice, Washington, D.C., (argued), for appellee; Thomas J. Ashcraft, United States Attorney, David Alan Graham, Assistant United States Attorney, Charlotte, N.C., on brief.
 Before CHAPMAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Avery Nathaniel Brice appeals from an order of the district court that denied his motion to reduce his sentence. He also appeals an order that denied his motion to recuse the district judge. We affirm the orders with but slight modification.
 
 
 2
 Brice was convicted of four counts related to the robbery of two banks. Counts 1 and 2 charged bank robbery and bank larceny in violation of 18 U.S.C. Sec. 2113(a) and (b) for the robbery of the first bank. Counts 3 and 4 charged bank robbery and bank larceny for robbery of the second bank. The district court sentenced Brice to a 12-year term of imprisonment for counts 1 and 2 and an 8-year term of imprisonment for counts 3 and 4 to run consecutively to the 12-year term. The judgment ordered a special assessment for each conviction totaling $200. The convictions were affirmed in United States v. Brice, No. 87-5585 (4th Cir. Dec. 28, 1987) (unpublished).
 
 
 3
 The district court denied Brice's subsequent motion to correct his sentence under Federal Rule of Criminal Procedure 35(a). On appeal, this court held that the convictions and sentences for bank robbery and bank larceny were error because bank larceny is a lesser included offense of bank robbery under 18 U.S.C. Sec. 2113. We remanded with instructions to vacate the assessments on counts 2 and 4 and to modify the judgment to show that the sentences were only for the bank robbery counts 1 and 3. United States v. Brice, No. 88-6074 (4th Cir. June 30, 1989) (unpublished).
 
 
 4
 On remand the district court amended its judgment to show that Brice was sentenced to 12 years for robbery of the first bank (count 1) and 8 years for robbery of the second bank (count 3), the sentences to run consecutively. It held that bank larceny charges (counts 2 and 4) merged in the convictions of the robbery charges counts 1 and 3 respectively. The court reiterated its imposition of the $50 special assessment for each of the robbery convictions and did not impose any special assessment on the merged larceny convictions, in effect abating the two $50 assessments on these convictions which it had previously imposed.
 
 
 5
 On appeal Brice asserts that he must be resentenced in a proceeding at which he is personally present and that his sentence must be reduced to six years for the first robbery and four years for the second. He also argues that his convictions for larceny should be vacated. The government does not oppose Brice's request to vacate the larceny convictions.
 
 
 6
 There is no need for Brice to be present for resentencing. United States v. Shubbie, 778 F.2d 199, 200 (5th Cir.1985). The 12-year sentence for the first robbery and the 8-year sentence for the second robbery were proper when they were imposed, and they have not been disturbed. Brice is not entitled to have these sentences reduced by half. The confusion resulting from the imposition of two excess $50 fees has been resolved in Brice's favor by abating the fees. While it is true that some mergers of convictions for separate crimes for the purpose of sentencing might require resentencing when the conviction for one of the crimes was vacated, resentencing or reduction of sentence is not required when one of the crimes is a lesser included offense of the other. To eliminate any confusion about the larceny counts and to clarify Brice's record, we now vacate the conviction of larceny on counts 2 and 4. Cf. United States v. Amos, 566 F.2d 899, 901 (4th Cir.1977). The clerk of the district court is requested to note the vacation of these counts on its docket.
 
 
 7
 There is no merit in Brice's motion for recusal of the district judge. Dissatisfaction with a court's ruling is not a ground for recusal. See United States v. Carmichael, 726 F.2d 158, 160 (4th Cir.1984).
 
 
 8
 The district court's denial of Brice's motions to reduce his sentences and for recusal are affirmed. The convictions for bank larceny, counts 2 and 4, are vacated.
 
 
 9
 AFFIRMED IN PART, VACATED IN PART.