**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Timas Bernard NOLLEY, Sr.,
Defendant–Appellant.**

**No. 92–5519.**

United States Court of Appeals,
Fourth Circuit.

Argued March 11, 1994.

Decided June 13, 1994.

**ARGUED:** Randolph Marshall Lee, Charlotte, NC, for appellant. Harry Thomas Church, Office of the U.S. Atty., Charlotte, NC, for appellee. **ON BRIEF:** Jerry W. Miller, U.S. Atty., Charlotte, NC, for appellee.

Before ERVIN, Chief Judge, HALL, Circuit Judge, and RONEY, Senior Circuit Judge of the United States Court of Appeals for the Eleventh Circuit, sitting by designation.

Affirmed by published per curiam opinion. Judge HALL wrote a dissenting opinion.

## OPINION

### PER CURIAM:

■ Defendant Timas Nolley, Sr. appeals his sentence for cocaine violations, alleging he was not represented by counsel at a resentencing hearing ordered by this Court. We hold that since resentencing simply conformed to the mandate of an appellate court, leaving no discretion in the trial court, any error in failing to have defendant represented by counsel at the hearing was harmless.

On appeal of Nolley's conviction of multiple counts involving cocaine and food stamps, this Court, in an unpublished opinion, 937 F.2d 604, remanded the case to the district court with instructions to vacate one of the two convictions under 21 U.S.C. § 841 and to decrease by fifty dollars the amount assessed against defendant under 18 U.S.C. § 3013.

At resentencing, Nolley appeared without an attorney, having previously fired his court-appointed attorney. The district court did precisely what it was instructed to do by this Court.

Nolley's argument that he is entitled to have his sentence reversed because he did not have an attorney at the resentencing is without merit.

The purpose of the proceeding was to reduce the defendant's sentence according to the mandate of this Court. Assuming, without deciding, that the district court erred by failing to appoint Nolley counsel for resentencing, such error was plainly harmless. *Satterwhite v. Texas,* 486 U.S. 249, 256–57, 108 S.Ct. 1792, 1797, 100 L.Ed.2d 284 (1988) (applying harmless error analysis to a Sixth Amendment violation). *Cf.* Fed.R.Crim.P. 43(c)(4). *United States v. Rogers,* 853 F.2d 249, 252 (4th Cir.), *cert. denied,* 488 U.S. 946, 109 S.Ct. 375, 102 L.Ed.2d 364 (1988) (applying harmless error analysis to Rule 43 violations). *United States v. Ruthers,* 989 F.2d 496 (4th Cir.1993) (same).

In this case, there was no function for either the defendant or counsel to perform. The district court had no choice but to follow the specific mandate of the appellate court. Defendant does not argue on this appeal that the district court did not follow precisely the instructions of this Court, or that the result-

ing sentence could be any different from that imposed or could have been affected in any way by the representation of counsel.

This hearing did not involve the substantial rights that require the presence of counsel under the authority of the cases relied upon by defendant. *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *United States v. Gillis*, 773 F.2d 549, 559 (4th Cir.1985); *Mempa v. Rhay*, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967).

■ Unlike cases where the purpose of the hearing is to impose a new sentence after the original sentence has been set aside, *United States v. Moree*, 928 F.2d 654 (5th Cir.1991); *United States v. Taylor*, 11 F.3d 149 (11th Cir.1994), at which both defendant and counsel would undoubtedly be required, there is no purpose for either in a case where the district court has no function but to follow the sentencing mandate of the appellate court to reduce an existing sentence. *E.g., United States v. Jackson*, 923 F.2d 1494, 1496–1497 (11th Cir.1991); *United States v. Shubbie*, 778 F.2d 199, 200 (5th Cir.1985); *Youst v. United States*, 151 F.2d 666, 668 (5th Cir.1945).

Although it would be the better practice for the district court to hear from an attorney for the defendant at any hearing where a sentence is imposed, the circumstances of this case make the error harmless. The only relief that could be granted on this appeal would be to remand for a new hearing with an attorney present. Since it would be reversible error for the district court to impose a sentence different than the one now appealed, such an exercise would be a useless waste of judicial resources.

*AFFIRMED.*

K.K. HALL, Circuit Judge, dissenting:

I believe that the majority has misconstrued the type of proceeding that was called for by our prior remand and, in doing so, has deprived Nolley of the assistance of counsel at a critical stage of the criminal proceedings. Accordingly, I would vacate the sentence and remand, once again, for *resentencing.*

## I.

On the first appeal, this court remanded the case in a per curiam opinion that instructed the district court to "vacate one of the convictions under 21 U.S.C. § 841, to decrease by fifty dollars the amount assessed on Nolley under 18 U.S.C. § 3013, *and to resentence* Nolley." *United States v. Nolley,* No. 90–5812, slip op. at 4, 1991 WL 118001 (4th Cir., July 25, 1991) (emphasis supplied).

After the remand, perhaps chagrined that his lawyer had filed an *Anders* brief in the face of a clearly meritorious issue for appeal, Nolley discharged his lawyer. The government does not contend that he did so with any intent to manipulate or disrupt the proceedings.

Without appointing a new lawyer for Nolley, and notwithstanding Nolley's request for one, the district court resentenced Nolley. The entire transcript of resentencing is just a little over a page long. It begins with the district court noting that Nolley had discharged his attorney. Nonetheless, the court then jumped right into the resentencing. It vacated the possession with intent to distribute count, reduced the special assessment by fifty dollars, and announced that "everything else remains the same." At the prompting of the prosecutor, the court asked Nolley if he had anything to say. Nolley said the magic words: "I need an attorney." The court responded, "You can get you an attorney if you can. I understand that you discharged Mr. Andresen, is that right?" Nolley said, "Yes, sir," and the court closed, "All right, that's up to you. You're appearing today pro se. Thank you. Take him back down."

## II.

The Sixth Amendment right to counsel extends to every stage of a criminal proceeding in which the substantial rights of the accused can be affected, *Mempa v. Rhay*, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), and an indigent defendant is entitled to counsel at government expense. *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Sentencing is a "stage" of the criminal process to which the right to counsel applies. *Mempa*, 389 U.S. at 134, 88 S.Ct. at

256; *Townsend v. Burke,* 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948).

This court remanded this case "for resentencing." I see no difference between the initial sentencing and a resentencing. Nolley was entitled to be represented by counsel, he specifically asked for assistance of counsel, and his request was ignored. His right to counsel was clearly denied.

The majority acknowledges that honoring Nolley's Sixth Amendment right might be the wiser practice, but it finds that the error here was harmless. In my view, this holding ignores clear law that the denial of counsel altogether is *always* reversible error; prejudice is presumed. *See Strickland v. Washington,* 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984) (prejudice is presumed from "actual or constructive denial of the assistance of counsel altogether"). In *United States v. Peak,* 992 F.2d 39, 42 (4th Cir.1993), a case involving an attorney's failure to file a notice of appeal upon his client's request, we put it this way:

> [D]eprivations of counsel altogether ... violate the Sixth Amendment without the need for even the most elementary judicial interpretation. No one would seriously contend that a defendant need not have an attorney at trial if there is no "reasonable probability" that an attorney could win an acquittal. We see no reason to apply a different rule on direct appeal, where the defendant has the same absolute right to counsel he enjoys before conviction.

In *Peak,* a habeas writ was granted, giving the defendant a new judgment from which to take his direct appeal, notwithstanding that he could proffer no potentially meritorious issues for appeal. The Sixth Amendment says what it says, and when its literal terms are directly violated, the error must be corrected.

The majority cites two inapposite cases dealing with the defendant's personal *presence* at trial or sentencing. *United States v. Rogers,* 853 F.2d 249, 252 (4th Cir.), *cert. denied,* 488 U.S. 946, 109 S.Ct. 375, 102 L.Ed.2d 364 (1988) (violations of Fed. R.Crim.P. 43 are subject to harmless error analysis); *United States v. Ruthers,* 989 F.2d 496 (4th Cir.1993) (correction of sentence through a telephone conference at defendant's request was harmless error). Neither of these cases even involves a denial of counsel. Likewise, Fed.R.Crim.P. 43(c)(4) is of no relevance here, because we did not remand for a Rule 35 reduction of sentence.

Finally, even if we could subject the strict words of the Sixth Amendment to harmless error review, the error here would not be harmless. Vacating one conviction did not change Nolley's guidelines range (235–293 months), but *it could have* changed his sentence. The district court's initial sentence was 240 months, which presumably took into account the number and type of convictions Nolley had. On vacating one conviction, the district court had the discretion and power to reduce Nolley's sentence by up to five months. In fact, when we found a violation of double jeopardy in the first appeal, we relied in part on the possibility of Nolley's receiving a shorter sentence on remand:

> [T]he district court ... sentenced Nolley toward the low end of the resulting guideline. It is not possible to be certain whether the separate convictions for possession and for distribution influenced the sentence selected within the guideline range. If the final sentence was greater because of the number of convictions, the sentence could constitute impermissible cumulative punishment.

*Nolley,* slip op. at 3. This very uncertainty is precisely why we remanded "for resentencing." Thus, though it was limited by the terms of this court's remand, the resentencing was not a mere clerical exercise, but rather a real proceeding with real things on the line. It is conceivable that, with the assistance of counsel, Nolley could have prevailed on the district court to reduce his sentence.

I would therefore vacate the sentence and remand for resentencing.