**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 95-5153

PHILLIP CARL GUPTON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, District Judge.
(CR-93-13-5-BO)

Submitted: July 30, 1996

Decided: February 25, 1997

Before WIDENER, WILKINS, and NIEMEYER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John Everette Noland, Jr., Raleigh, North Carolina, for Appellant.
Janice McKenzie Cole, United States Attorney, Christine Witcover
Dean, Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Phillip Carl Gupton appeals the sentence the district court imposed on resentencing.* In this appeal, he argues that he was unrepresented by counsel at his resentencing, and was therefore deprived of his Sixth Amendment right to counsel. See Mempa v. Rhay, 389 U.S. 128, 135 (1967); United States v. Burkley, 511 F.2d 47, 51 (4th Cir. 1975). Where, as here, the purpose of the hearing is to impose a new sentence after the original sentence has been vacated, "both defendant and counsel would undoubtedly be required." United States v. Nolley, 27 F.3d 80, 82 (4th Cir.), cert. denied, 63 U.S.L.W. 3420 (U.S. 1994).

In considering Gupton's claim, we must bear in mind that following a federal conviction, an ineffective assistance of counsel claim should be raised by a motion under 28 U.S.C. § 2255 (1988), as amended by Act of Apr. 24, 1996, 28 U.S.C.S.§ 2255 (Law. Co-op. Advance Sheet June 1996) in the district court and not on direct appeal to this Court. United States v. Fisher , 477 F.2d 300, 302 (4th Cir. 1973); United States v. Mandello, 426 F.2d 1021 (4th Cir. 1970); see also United States v. DeFusco, 949 F.2d 114 (4th Cir. 1991), cert. denied, 503 U.S. 997 (1992). This general rule is true unless it "conclusively appears" in the trial record that counsel did not provide effective assistance. Fisher, 477 F.2d at 302.

In this case, it does not "conclusively appear" from the record on appeal that Gupton was denied counsel at resentencing. The district court did not remark that Gupton was proceeding pro se. Gupton never suggested that he wanted an attorney and did not have one. Compare Nolley, 27 F.3d at 82 (Hall, J., dissenting). The cover sheet to the transcript of the sentencing hearing reflects that John Dusenbury, Gupton's original court-appointed trial attorney, appeared for Gupton. Dusenbury responded when the court directed a question at him, and his failure to add anything further is far from conclusive evidence to establish that he was not representing Gupton at that time.

_____

*We previously remanded this case for resentencing on the motion of the parties after reaching a new plea agreement. United States v. Gupton, No. 93-5817 (4th Cir. Aug. 23, 1994) (unpublished order).

2

Admittedly, the history of Gupton's representation in this case is tortured and the nature of Dusenbury's appearance is unclear. Nonetheless, on the record as it stands, it does not "conclusively appear" that Gupton went unrepresented at the sentencing hearing.

This determination does not end the inquiry. Even concluding on this record that Gupton was represented at the resentencing, Gupton would have been entitled to Dusenbury's effective assistance. See Mempa, 389 U.S. at 135. The inquiry concerning ineffective assistance of counsel is governed by a two-part test. Strickland v. Washington, 466 U.S. 668 (1984). First, the defendant must show that his counsel's representation fell below an objective standard of reasonableness. Id. at 687-91. Second, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. However, as noted above, any deficiency or prejudice must "conclusively appear" in the trial record. Fisher, 477 F.2d at 302. In considering Gupton's claim, we may bypass the inquiry regarding counsel's performance if it is more efficient to dispose of the claim on the ground of lack of prejudice. Strickland, 466 U.S. at 697. The defendant bears the burden of proving Strickland prejudice. See Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984); cf. Nolley, 27 F.3d at 83 (Hall, J., dissenting).

In this appeal, Gupton contends that the prejudice requirement need not be considered because he was "`entirely without the assistance of counsel'" at the resentencing hearing. Appellant's Br. at 17 (quoting Penson v. Ohio, 488 U.S. 75, 88 (1988)). As a result, Gupton does not attempt to suggest how he might have been prejudiced by any deficiency in counsel's performance. As no prejudice is apparent from the record, we cannot say on direct appeal that Dusenbury did not render the effective assistance of counsel to which Gupton is entitled. As with Gupton's contention that he was denied counsel entirely, this issue is more properly considered in a motion under§ 2255.

We grant Appellant's motion to file a pro se supplemental formal brief and dispense with oral argument because the facts and legal con-

3

tentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4