**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 97-6153

BLANE WADE O'NEAL,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Robert E. Payne, District Judge.
(CR-92-212, CA-96-779)

Submitted: November 20, 1997

Decided: December 11, 1997

Before MURNAGHAN, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Blane Wade O'Neal, Appellant Pro Se. Kevin Michael Comstock,
OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant appeals from the district court's order granting in part and denying in part his motion filed under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997), and imposing a new sentence upon vacatur of his conviction and sentence under 18 U.S.C.A. § 924(c)(1) (West 1976 & Supp. 1997). We have reviewed the record and the district court's opinion and, to the extent that the district court granted Appellant's motion to vacate his conviction under § 924(c) and denied his motion on his ineffective assistance of counsel claims, we find no reversible error. Therefore, we affirm in part on the reasoning of the district court. United States v. O'Neal, Nos. CR-92-212; CA-96-779 (E.D. Va. Dec. 6, 1996).

However, the district court erred in imposing a new sentence without having Appellant present and represented by counsel. See Mempa v. Rhay, 389 U.S. 128, 135 (1967) (right to counsel extends to sentencing); United States v. Nolley, 27 F.3d 80, 82 (4th Cir. 1994) (presence of defendant and counsel required upon resentencing after vacatur of original sentence). Therefore, we vacate the sentence and remand this case for resentencing with Appellant present and represented by counsel unless, after proper inquiry, Appellant waives his right to counsel.

Accordingly, we grant a certificate of appealability, affirm in part, vacate the sentence imposed, and remand this case for resentencing with the Appellant present. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED
IN PART, AND REMANDED

2