129 F.3d 1268
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Reginald "Reggie" FITZGERALD, Defendant-Appellant.
 No. 97-2372.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 20, 1997.*
Decided Nov. 4, 1997.
Rehearing Denied Dec. 15, 1997.
 
 Before Hons. ENGEL,** BAUER, KANNE, Circuit Judges.
 
 ORDER
 
 1
 In this successive appeal, appellant Reginald "Reggie" Fitzgerald appeals from the distr court's order granting his motion pursuant to 28 U.S.C. § 2255 in part and denying it in part. In 1993, a jury convicted Fitzgerald on three counts of a multi-count indictment against him and several others: on Count I, for conspiring to distribute and possess with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1); on Count III, for using and carrying firearms during and in relation to a narcotics transaction in violation of 18 U.S.C. § 924(c); and on Count V, for obstruction ofjustice in violation of 18 U.S.C. § 1503. Fitzgerald was sentenced by district court Judge William D. Stiehl to 121 months in prison for Count I, to a concurrent term of 60 months in prison on Count V, and to a consecutive term of 60 months in prison for Count III. In United States v. Edwards, 36 F.3d 639 (7th Cir.1994), this Court upheld his conviction and sentence.
 
 
 2
 On July 24, 1996, Fitzgerald filed a motion pursuant to 28 U.S.C. § 2255 alleging that his conviction on Count must be vacated in light of Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501 (1995), that the district court should reconsider its denial of his motion to sever due to his erroneous conviction under Count III and that his sentence on Count I must be vacated because it was based on materially false and inaccurate information. The District Court granted this motion in part, agreeing that Bailey rendered Fitzgerald's conviction under § 924(c) erroneous, but stated that "The convictions and sentences imposed on Counts 1 and 5 shall remain unaffected by this order." The district court subsequently denied Fitzgerald's motions to reconsider and for bail pending resolution of his § 2255 motion, and Fitzgerald appealed to this Court.
 
 
 3
 Presently, Fitzgerald makes two arguments: first, that the district court erred in failing to resentence him on the counts remaining after his § 924(c) conviction had been vacated; and, second, that the district court erred in not resentencing him because his original sentence was based on materially false or inaccurate information. These arguments are without merit, and we affirm.
 
 
 4
 Fitzgerald's first contention fails because we have found that resentencing is unnecessary in situations like Fitzgerald's. When a sentencing package is "unbundled" such as it was here (i.e., by the vacation of part of Fitzgerald's sentence), a district court may "rebundle" the package by resentencing the defendant. United States v. Binford 108 F.3d 723, 728 (7th Cir.), cert. denied, --- U.S. ---, 117 S.Ct. 2530 (1997). But this power is permissive, not mandatory, and the court need not resentence the defendant if it is satisfied that the prior sentencing package has not become "unbundled" by the vacated count. The district court acted appropriately when it left Fitzgerald's sentence under Counts I and V undisturbed after vacating his conviction and sentence on Count III, and there is no error here.
 
 
 5
 Fitzgerald also argues that by acting as it did, the district court denied him his "absolute right ... to be present for the resentencing." A similar issue was visited by the Fifth Circuit in United States v. Shubbie, 778 F.2d 199 (5th Cir.1985), which found that a prisoner was not entitled to be present or given the right of allocution when the district court vacated his conviction on one count of a multi-count indictment but imposed the same sentence. We find the Fifth Circuit's reasoning persuasive, and we adopt it in disposing of Fitzgerald's contentions:
 
 
 6
 The issue to be resolved is whether a defendant is entitled to be present and allocute where this Court has remanded for vacating of the conviction and sentence on one of two counts. [Defendant] predicates his argument that he is entitled to allocution on Fed.R Crim.P. 32(1) and 43(a) which provide that the defendant has a right to be present and allocute when he is sentenced. These rules are inapplicable because [defendant] was present and exercised his right to allocute at the initial sentencing and he has not been resentenced.
 
 
 7
 Under our mandate the district court was entitled to vacate the judgment on one of the counts without resentencing. While our mandate would not have precluded the more expansive remedy of vacating both sentences and conducting a new sentencing procedure, that is not what was done. The court, which tried the case, had heard allocution and knew the situation intimately, thought it just to vacate one of the sentences rather than conduct a resentencing. Such a procedure was completely in accord with our mandate and that court's decision.
 
 
 8
 Shubbie, 778 F.2d at 200. In this case, the district court found it appropriate to vacate Fitzgerald's conviction and sentence on one count while leaving the sentence on the other two counts intact. There was no resentencing and therefore no new right of allocution or right to be present attached to the court's action.
 
 
 9
 One technical point which Fitzgerald makes does merit attention, however. In his brief, Fitzgerald argues that even though he was originally convicted on three counts, he only had one judgment in his case, and that judgment is now disturbed by one of the counts having been vacated. He argues that the whole judgment has been upset and that technically no sentence remains in force against him. While we do not express a view on the correctness of his arguments, we believe that it would be beneficial in this case for the district court to enter a new judgment reflecting Fitzgerald's conviction on only two of the counts in the indictment and the sentence he received thereupon. For this limited purpose, therefore, we remand this case to the district court.
 
 
 10
 Fitzgerald's last contention is similarly without merit and does not provide him with any basis for relief. Fitzgerald argues that the district court erred in not resentencing him because its finding that he was responsible for between 3.5 and 5 kilograms of cocaine is based on false and inaccurate information. Fitzgerald asserts that the district court's finding on his § 2255 motion that this issue had already been heard and decided is erroneous. In his direct appeal, however, Fitzgerald raised this very issue, and we found that the district court's determination was not erroneous. See Edwards, 36 F.3d at 648. While it is true that the doctrine of res judicata is inapplicable in § 2255 proceedings, such a motion is "neither a recapitulation of nor a substitute for a direct appeal." Olmstead v. United States, 55 F.3d 316, 319 (7th Cir.1995) (quoting Daniels v. United States, 26 F.3d 706, 711 (7th Cir.1994) (other citations omitted). Thus, a district court my properly exercise its discretion and refuse to reconsider issues already decided on direct appeal if there is an absence of changed circumstances of fact or law. Olmstead, 55 F.3d at 319.
 
 
 11
 Fitzgerald's first assertion that the district court's determination was based on "materially false or inaccurate information" is not supported by any allegations of changed circumstances of fact or law, and it is without merit. In his § 2255 motion (as well as in his appellate brief), Fitzgerald repeatedly impresses upon us that the district court "provided no quantative basis, nor is there any quantative basis, for why Fitzgerald could reasonably foresee 3.5-5 kilograms of cocaine." See Appellant's Brief at 16. This argument is but a rehash of Fitzgerald's direct appeal, and it is unsupported by any new evidence which shows the district court's error. In Edwards, we found that the testimony of Tammy Jo Uselton buttressed the district court's 3.2 to 5 kilogram attribution to Fitzgerald and that its determination was not clearly erroneous. 36 F.3d at 648. Fitzgerald has not provided this court (or the district court) with any contrary, newly-discovered evidence. Thus, his argument is merely a recapitulation of his direct appeal, and it is not a proper subject for our consideration.
 
 
 12
 In a similar vein, Fitzgerald also argues that the district court's finding contradicts its previous finding that he did not sell any cocaine and only took, on five or six occasions, a gram or so of cocaine for his own use. Again, however, we found on Fitzgerald's direct appeal that the evidence presented to the district court was sufficient to support the court's finding. The court found that Fitzgerald pooled money with his co-conspirators to purchase cocaine and that although he only kept one gram at each occasion for his personal use, he helped his co-conspirators mix and package cocaine for redistribution. No new evidence is presented by Fitzgerald on his motion, and he has not shown any circumstances which require that our previous decision be reexamined.
 
 
 13
 Fitzgerald next alleges that the district court erred in applying the "reasonable foreseeability" test to determine the amount of drugs attributable to him because the district court did not also take into account the scope of Fitzgerald's agreement in the conspiracy. This assertion is plainly incorrect. In our decision on his direct appeal, we noted that evidence was presented which showed Fitzgerald pooled his money with his co-conspirators to purchase cocaine. Although the evidence did not show that Fitzgerald personally sold any cocaine, it did show that he helped cut cocaine and package it for sale by others. Edwards, 36 F.3d at 648. We also noted that the district court was free to believe this evidence over evidence presented by Fitzgerald to show that he only purchased cocaine for personal use and was not in fact part of the conspiracy. Id. at 643 ("Fitzgerald's contention that he purchased cocaine for personal use only and that he was not part of the conspiracy is contradicted directly by this evidence which supports the inference that he actively endeavored to further the aims of the conspiracy.") Thus, there is ample evidence that the district judge considered the reasonable foreseeability element in connection with the degree of Fitzgerald's participation in the conspiracy, and his assertion that the court applied the law incorrectly is wrong.
 
 
 14
 In an attempt to get around the fact that he has presented no evidence of changed circumstance meriting a reconsideration of his direct appeal, Edwards presses that his present challenge is distinguishable from that he made on direct appeal. ("In his direct appeal, Fitzgerald was challenging the specificity of the findings ... and in his post-conviction motion Fitzgerald is challenging the underlying facts...." See Appellant's Brief at 22) This is a distinction without a difference, however, because whether he is attacking the specificity of the district court's findings or the evidentiary basis of those findings, Fitzgerald has not shown that our determination on direct appeal is erroneous based on new evidence or a change in the law. We found in Edwards that a factual basis existed for Fitzgerald's sentence, and we (and the district court) have been given no reason to relitigate the matter. Fitzgerald's claim that he is now raising a due process challenge is equally unavailing, since (as we have repeatedly noted in this order) he has not presented any evidence that any previous determination of either the district court or this court requires review.
 
 
 15
 As his last grasp at a straw, Fitzgerald complains that this Court, in his direct appeal, "erroneously rewrote the facts" when we found that he had helped his co-conspirators mix and package cocaine for resale. This is neither the time nor the place to make such an argument, however, since Fitzgerald did not bother to challenge this finding via a motion for rehearing. This supposed error, therefore, is not properly brought to our attention, and does not render our previous decision fair game for reconsideration at this time.
 
 CONCLUSION
 
 16
 For the reasons set forth above, this case is REMANDED to the district court to enter a new judgment reflecting Fitzgerald's convictions on Counts I and VS and his current sentence. Except for these technical corrections, the district court's judgment is AFFIRMED.
 
 
 
 *
 This successive appeal has been submitted to the same panel under Operating Procedure 6(b). After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir. R. 34(f)
 
 
 **
 Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation