**CORRECTED OPINION**

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                                      No. 98-4923

CARL A. EUBANKS,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CR-97-110)

Submitted: August 10, 1999

Decided: September 22, 1999
Corrected Opinion Filed: November 18, 1999

Before NIEMEYER and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.
_____

Affirmed by unpublished per curiam opinion.
_____

**COUNSEL**

David P. McCann, Charleston, South Carolina, for Appellant. J. Rene
Josey, United States Attorney, Brucie H. Hendricks, Assistant United
States Attorney, Charleston, South Carolina, for Appellee.
_____

**CORRECTIONS BEGIN ON PAGE 3**

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Carl A. Eubanks appeals his resentencing on one count of armed bank robbery, 18 U.S.C.A. § 2113(a), (d) (West Supp. 1999) (count one), one count of possession of a firearm during a crime of violence, 18 U.S.C.A. § 924(c) (West Supp. 1999) (count two), and one count of possession of a weapon by a convicted felon, 18 U.S.C.A. §§ 922(g)(1), 924(e) (West Supp. 1999) (count three). This court remanded to the district court Eubanks' first appeal with instructions to impose a consecutive life sentence on count two. This court also instructed the district court to put its reasons on the record if it intended to impose a consecutive life sentence on count three. See United States v. Eubanks, 1998 WL 801539 (4th Cir. Nov. 18, 1998) (No. 98-4053) (unpublished).

At his resentencing, Eubanks was represented by G. Wells Dickson, Jr., the same attorney who had represented him on his first appeal.* At the outset of the resentencing hearing, Dickson advised the court that Eubanks had informed him "that I do not represent him and he does not want me to represent him." In response, the court did

_____

*It appears that no fewer than six attorneys have represented Eubanks at one time or another during the course of this case. Following his indictment, Eubanks was initially represented by federal public defenders Ann Briks Walsh and John Robert Haley. Several months thereafter, upon Eubanks' motion, Walsh and Haley were relieved as counsel and Dale Thomas Cobb, Jr., was appointed in their place. Following the jury trial at which he was convicted, Eubanks again requested new counsel and his request was again accommodated. Accordingly, Cobb was relieved and Dale DuTremble was appointed. DuTremble represented Eubanks at the first sentencing proceeding. G. Wells Dickson, Jr., represented Eubanks on his initial appeal, and David P. McCann was appointed to represent Eubanks in the present appeal from the resentencing proceeding.

2

not specifically relieve Dickson as counsel, but the district judge addressed the defendant and stated that "if you don't want him--Mr. Wells Dickson to represent you, that's fine. If you have anything to say with regard to your sentence, I'll be glad to hear from you, sir." Eubanks thereupon confirmed that he was dissatisfied with Dickson's representation of him on the initial direct appeal, that he desired that Dickson be relieved as his counsel, and that he wanted a new attorney to represent him at the resentencing hearing. While the court did not rule upon Eubanks' request for a different attorney to represent him at the resentencing hearing, it did not delay the proceedings to permit a new attorney to enter the case. Rather, the district judge proceeded with the resentencing hearing, inviting Eubanks to personally address the court as to any sentencing matter he wished to raise.

At the conclusion of the resentencing hearing, the district court imposed life sentences on counts one and three to run concurrently and a life sentence on count two to run consecutively to the life sentences imposed upon counts one and three. In addition, the court confirmed that Eubanks did not want Dickson to continue to represent him and advised Eubanks that another lawyer would be appointed to represent him on appeal of the resentencing if he could not afford to retain counsel.

On appeal, the attorney newly appointed to represent Eubanks raises a single issue: that the district court erred in resentencing Eubanks without appointing counsel to replace Dickson. In response, the Government asserts that the district court did not err by proceeding with the resentencing without appointing a new attorney for Eubanks and that, in any event, any error thereby committed was harmless.

We find it unnecessary to determine whether the district court was required to accommodate Eubanks' belated request for a different attorney at the resentencing hearing because we agree that under the facts of this case any error in not replacing Dickson before proceeding with resentencing was harmless. See United States v. Nolley, 27 F.3d 80, 81 (4th Cir. 1994). Eubanks was sentenced on count two in accordance with this court's mandate. Further, the district court's decision on remand to change the consecutive life sentence originally imposed

3

on count three to a concurrent sentence resolved the issue for which the remand was directed in the manner most favorable to Eubanks.

We affirm Eubanks' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4