IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60103
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDERICK FRANKS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:93-CR-116-S
--------------------
January 4, 2002

Before DUHÉ, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[1]

Frederick Franks, federal prisoner number 09941-042, has appealed the amended judgment entered by the district court pursuant to this court's remand order in United States v. Franks, 230 F.3d 811, 814-15 (5th Cir. 2000). Franks contends that he should have been completely resentenced, i.e., that a new presentence report ("PSR") should have been prepared, that he should have had an opportunity to raise objections to the PSR based upon changes in the law since his original sentence, that he should have had an opportunity to present evidence challenging the probation officer's findings, that he should have had an

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

opportunity for allocution, and that he should have been provided with appointed counsel.  These contentions are without merit.

A defendant's presence is not required at a proceeding which involves a reduction or correction of a sentence under 18 U.S.C. § 3582(c)(1)(B).  See Fed. R. Crim. P. 43(c)(4) & Advisory Committee Notes (1998 Amendments); see also United States v. Lopez, 26 F.3d 512, 515 n.4 (5th Cir. 1994); 28 U.S.C. § 2255.  Because the district court merely modified Franks's existing sentence, under 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c)(1), Franks was not entitled to be present and to allocute.  See United States v. Patterson, 42 F.3d 246, 248-49 (5th Cir. 1994); United States v. Shubbie, 778 F.2d 199, 200 (5th Cir. 1985).  Nor was he entitled to assistance of counsel.  See United States v. Whitebird, 55 F.3d 1007, 1010-11 (5th Cir. 1995) (holding that defendant had no statutory right to appointed counsel in connection with motion to modify sentence under 18 U.S.C. § 3582(c)(2)).  The district court did not abuse its discretion in resentencing Franks.  See United States v. Mueller, 168 F.3d 186, 188 (5th Cir. 1999) (standard of review).

Franks contends: (1) that the district court abused its discretion in imposing an order of restitution; (2) that the district court erred in enhancing his sentence for obstruction of justice under the rule in Apprendi v. New Jersey, 530 U.S. 466 (2000); (3) that the district court erred by admitting prejudicial evidence; (4) that his convictions should be reversed because of flaws in the district court's jury instructions; (5) that he was

2

deprived of his right to a fair trial by Government misconduct; and (6) that he received ineffective assistance of counsel.  We do not consider these issues as they are outside the scope of this court's mandate in its remand order.

The amended judgment is AFFIRMED.