Ellis Raymond **WILLIAMSON**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 17460.

United States Court of Appeals Fifth Circuit.

March 24, 1959.

Barrie C. Tremper, Fort Wayne, Ind., for appellant.

E. Coleman Madsen, Asst. U. S. Atty., Jacksonville, Fla., James L. Guilmartin, U. S. Atty., Jacksonville, Fla., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

JONES, Circuit Judge.

This cause was before us on a prior occasion, United States v. Williamson, 5 Cir., 1958, 255 F.2d 512, certiorari denied 358 U.S. 941, 79 S.Ct. 348, 3 L.Ed.2d 349. This will permit the present statement of the inceptions of the case to be somewhat brief. Williamson was sentenced in 1954 (1) for twenty years for entry of a bank with intent to commit a felony under 18 U.S.C.A. § 2113(a), (2) for eight years for larceny of specified property in the possession of the bank under 18 U.S.C.A. § 2113(b), and (3) for eight years for larceny of other specified property of the bank under 18 U.S.C.A. § 2113(b). The two eight-year sentences were to run concurrently upon the completion of the twenty-year term. After the decision in Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370, decided February 25, 1957, Williamson filed a motion under 28 U.S.C.A. § 2255, to vacate the sentence. The district court, concluding that, under the doctrine of the Prince case, the offense of entry of the bank with intent to commit a felony merged into the offenses of larceny of the bank's property, vacated the twenty-year sentence. This left Williamson subject to the two concurrent sentences of eight years. The Government appealed.

On the Government's appeal this Court reversed and remanded the cause for a determination and imposition of a proper sentence. The district court apparently believed that the opinion of this Court gave it a choice only between the twenty-year sentence on the conviction for entry and the eight-year concurrent sentences for larceny. The district court considered whether it should require or permit Williamson to be brought before it for its further proceeding. A decision against such action was reached. An order was made reinstating the original twenty-year sentence and vacating the eight-year sentences. From this order Williamson has appealed.

■ On the former appeal it was decided by this Court that the decision in the Prince case did not require a holding that there was a merger of the offenses. Our conclusion was that it was the pyramiding of penalties which is proscribed. We held, or so intended, that although the provision against pyramiding prevented the imposition of sentences aggregating more than the twenty-year maximum, the district court was required to exercise its discretion in fixing a penalty not exceeding that maximum. It was not required to adhere to either of the sentences originally imposed. Its duty was to resentence rather than to vacate one part and reinstate another part of the original sentence. Cf. Prince v. United States, supra.

We adhere to the conclusions announced in our earlier opinion. It may be that the two offenses defined by 18 U.S.C.A. § 2113(a), of entering a bank with the intent to commit a felony, for which the penalty is twenty years, and the completed offense of robbing the bank, for which the penalty is twenty years, are merged. The opinion in the Prince case so indicates and its language is quoted in the opinion in the recent case of Heflin v. United States, 79 S.Ct. 451. However, the opinion in the Heflin case restates the principle that Congress intended to prohibit the pyramiding of sentences. We do not think it was the purpose of the Congress to impose a greater penalty for entering a bank with the intent to commit a felony where no felony was in fact committed than could be imposed where the unlawful entry was followed by the larceny of the property of the bank. We think this view is in harmony with both the Prince case and the Heflin case. See Counts v. United States, 5 Cir., 263 F.2d 603.

■ On the present appeal the appellant makes two specifications of error. One of these is that the district court entered its order while the appellant's petition for certiorari from our decision on the former appeal was pending. This point is abandoned by the appellant. It is clearly without merit. The petition for certiorari has been denied.

The other claim of the appellant is that he was not brought before or given an opportunity to be before the court when his sentence was changed. The Government says that this contention is untenable, reminding us that 28 U.S.C.A. § 2255 expressly provides that "A court may entertain and determine such motion without requiring the production of the prisoner at the hearing." There is no doubt that a prisoner's presence before the court is not required for a determination as to whether, in a Section 2255 proceeding, a sentence should be set aside where there is no fact issue. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; Gregory v. United States, 5 Cir., 1956, 233 F.2d 907. So too, where an invalid sentence on one count is vacated and a valid sentence on another count is permitted to stand, the presence of the prisoner is not required. Youst v. United States, 5 Cir., 1945, 151 F.2d 666. But where, in the Section 2255 proceedings, a sentence is set aside and the cause remanded for resentencing, the new sentence is to be pronounced in and as a part of the criminal proceeding. This is such a case. Where a person convicted of a criminal offense or offenses is to be resentenced, as was the case here, the presence of the defendant is as necessary as it was at the time of the original sentence. Price v. Zerbst, D.C.N.D.Ga.1920, 268 F. 72; Crowe v. United States, 6 Cir., 1952, 200 F.2d 526; Cook v. United States, 1 Cir., 1948, 171 F.2d 567, certiorari denied 336 U.S. 926, 69 S.Ct. 647, 93 L.Ed. 1088; Rule 43, Fed.Rules Crim.Proc., 18 U.S.C.A. No valid sentence has yet been imposed on Williamson. The prior judgment, and orders with respect thereto not heretofore vacated, should be vacated and Williamson should be brought before the district court and a sentence given upon the jury verdict as might originally have been given, within the twenty-year maximum. So that this may be done the cause is

Reversed and remanded.