GUIDRY, Judge.
Defendant, Kirby Champagne, was charged by bill of information with attempted aggravated arson, in violation of La.R.S. 14:27 and 14:51; simple burglary of an inhabited dwelling, in violation of La. R.S. 14:62.2; and, manufacture and possession of a bomb without a license, in violation of La.R.S. 14:54.3. Pursuant to a plea bargain agreement, defendant pleaded guilty to the charges of attempted aggravated arson and manufacture and possession of a bomb. The State thereafter entered a nolle prosequi to the simple burglary charge.
On October 22, 1982, defendant was sentenced to serve a term of three (3) years at hard labor, the first year to be without parole, probation or suspension of sentence, on the charge of attempted aggravated arson. On the charge of manufacturing and possessing a bomb, defendant was sentenced to serve five (5) years at hard labor, the term of imprisonment being suspended and defendant placed on active supervised probation for a two (2) year period. The sentences were ordered to run consecutively with credit for time served.
Defendant appealed his convictions and sentences to this court. State v. Champagne, 461 So.2d 1059 (La.App. 3rd Cir. 1984). On appeal, defendant argued that *1378 the sentences imposed by the trial court exceeded the maximum sentence for which he bargained and were therefore illegal. In Champagne, supra, we held that the trial court erred in ordering defendant’s sentences to run consecutively, as such sentences exceeded by three years the maximum sentence for which defendant had bargained. In remanding the case for a correction of the sentence by the trial judge, we stated as follows:
“We find defendant’s contention meritorious. The record clearly reflects an understanding between the defendant and the court that subject to a favorable presentence report the defendant would be sentenced on both counts to a term of five years, three of which would be at hard labor and two of which would be on active probation and that the defendant would be given credit for time served. There is nothing in the record to suggest that the presentence report was unfavorable or contrary to the facts represented to the court at the time of sentencing. The sentences actually imposed by the trial court, since ordered to run consecutively, exceed the five years maximum term agreed upon. If the sentences imposed are made to run concurrently, the sentences will be in full compliance with the plea bargain agreement reflected by the record. For these reasons, we will affirm defendant’s convictions, but this matter will be remanded to the trial court for correction of sentence pursuant to the provisions of La.C.Cr.P. Art. 882 and in accord with the views above expressed.”
On July 25, 1986, the following minute entry was made by the district judge:
“Pursuant to the defendant’s request for re-sentencing [sic] by his letter which is attached hereto and, in accordance with the order granted by the Third Circuit Court of Appeal in State of Louisiana vs. Kirby Champagne, 461 So2d 1059 (La.App. 3rd Cir.1984), a copy of which is attached hereto, the sentences imposed on the defendant by this Court on October 22, 1982 are amended and corrected to the extent that the sentences imposed are ordered to run concurrently rather than consecutively.”
A copy of the minute entry was thereafter forwarded to defendant by certified mail.
Defendant has again appealed to this court, this time setting forth the following assignments of error: (1) the trial court erred in sentencing defendant in his absence, without notice or a hearing; and, (2) the trial court’s actions deprived defendant of his right to move to withdraw his previously entered plea of guilty. Defendant also sought a review of all errors patent on the face of the record.
In his first assignment of error, defendant contends that the trial court erred in sentencing him on July 25, 1986 in his absence, without notice or a hearing. The defendant argues that in resentencing him the trial judge did not follow the dictates of La.C.Cr.P. art. 835.
La.C.Cr.P. art. 835 provides as follows:
“In felony cases the defendant shall always be present when sentence is pronounced. In misdemeanor cases the defendant shall be present when sentence is pronounced, unless excused by the court. If a sentence is improperly pronounced in the defendant’s absence, he shall be resentenced when his presence is secured.”
We conclude that defendant’s presence was not required on July 25, 1986, when the trial court merely corrected the illegal sentence previously imposed on October 22, 1982. The sentence imposed by the trial judge on October 22, 1982 was not vacated by us in Champagne, supra. The matter was simply remanded to the trial court to correct the sentences imposed to run concurrently rather than consecutively. Such correction was necessary in order to make the sentences conform to the plea bargain agreement reached between defendant and the State. Although there is some unfortunate language in Champagne, supra, wherein we stated in the decree that the case was to be remanded for “resentencing”, it is clear in the body of the opinion that we were simply remanding the case for a correction of the sentence, *1379 pursuant to the provisions of La.C.Cr.P. art. 882.
After thoroughly researching the issue, we have found no statutory or jurisprudential authority mandating the presence of a defendant at a hearing when the trial court simply corrects a previously imposed illegal sentence.
Our research discloses two Federal cases which, although not precisely in point, are somewhat analogous. In Williamson v. United States, 265 F.2d 236 (5th Cir.1959), the court held that a defendant has a right to be present at a resentencing hearing. The court in Williamson, however, was careful to distinguish the situation where the sentence had been set aside and the cause remanded for resentencing, from a situation where an invalid sentence on one count is vacated and a valid sentence on another count is permitted to stand. In the latter case, the court held that the presence of the defendant is not required. In United States v. Shubbie, 778 F.2d 199 (5th Cir.1985), the trial court sentenced defendant to serve two concurrent five-year terms on counts one and two of his conviction and a consecutive two-year term on count three. Defendant appealed his convictions and the appellate court reversed one of the convictions. The case was remanded to the district court to vacate, in its discretion, the judgment under either count two or count three. On remand, the district court vacated the conviction on count two. Defendant appealed the action of the trial court, urging that the trial court should have vacated both sentences and resentenced him on the remaining count, in which case he would have had the right to be present and allo-cute. In holding that the trial judge committed no error in sentencing and that defendant did not have the right to be present when the sentence on count two was vacated, the U.S. Fifth Circuit Court of Appeals held:
“The factual situation involved in this appeal must be distinguished from the case in which this court vacates all sentences and remands for resentencing. In that instance, the defendant is entitled to be present and allocute. Williamson v. United States, 265 F.2d 236, 239 (5th Cir.1959). But here we left to the district court the decision of whether to vacate the judgment on either Count Two or Count Three or to resentence. This Court did not vacate the sentence on any of the counts nor did it direct the district court to consider whether to reduce the sentence on either of the two convictions which would remain. Accordingly, “where an invalid sentence on one count is vacated and a valid sentence on another count is permitted to stand, the presence of the prisoner is not required.” Id. quoting Youst v. United States, 151 F.2d 666 (5th Cir.1945).”
In sum, we conclude that where an illegal sentence is corrected, pursuant to the provisions of La.C.Cr.P. art. 882, so as to conform to a previous plea bargain agreement, defendant’s presence is not required at the hearing to correct the sentence.
We observe, in passing, that this court could have corrected the sentence while the case was on appeal. In such case, the defendant would not have had a right to be present for the correction of his sentence. La.C.Cr.P. art. 882, as amended by Act 587 of 1984, effective September 3, 1984, provides that:
“A. An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review.
B. A sentence may be reviewed as to its legality on the application of the defendant or of the state:
(1) In an appealable case by appeal; or
(2) In an unappealable case by writs of certiorari and prohibition.
C. Nothing in this Article shall be construed to deprive any defendant of his right, in a proper case, to the writ of habeas corpus.” [1]
*1380 Defendant next argues that the action of the trial court deprived him of his right to move to withdraw his previously entered plea of guilty. The defendant urges that in not being present at the “resentencing”, he was not given the opportunity to withdraw his guilty plea. Defendant asserts that, since the court may permit a guilty plea to be withdrawn at any time prior to sentencing, La.C.Cr.P. art. 559, he should have been afforded notice of and presence at the resentencing hearing and offered the opportunity to withdraw his plea on the grounds that it was invalid because the plea bargain was not kept.
A guilty plea has been found to be constitutionally infirm if the State does not fulfill an express or implied part of the plea bargaining agreement which precipitated the defendant’s decision to so plead. State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La.1982); State v. Jones, 398 So.2d 1049 (La.1981). In the instant case, the trial court inadvertently sentenced the defendant to a term of imprisonment greater than that bargained for. We ordered the sentences corrected. In Champagne, supra, we determined that the defendant’s guilty pleas were valid and noted that the defendant was not seeking a withdrawal of his guilty pleas, but rather was only seeking an amendment or correction of the sentences to bring them in compliance with the plea bargain agreement. Had defendant been present when the minute entry was made to correct his sentence, he would not have had grounds on which to withdraw his pleas. A plea of guilty cannot be withdrawn after a sentence has been imposed, unless it is shown that the plea and/or sentence are constitutionally infirm. State v. Banks, 383 So.2d 1009 (La.1980). Since the trial court was simply correcting an illegal sentence and was not, in fact, resen-tencing the defendant, the provisions of La.C.Cr.P. art. 559 are not applicable. An examination of the pleadings and proceedings pursuant to La.C.Cr.P. art. 920 reveal no errors patent on the face of the record.
For the above and foregoing reasons, the convictions and sentences of the defendant, Kirby Champagne, are affirmed.
AFFIRMED.