807 So.2d 922 (2002)
STATE of Louisiana
v.
David LEFEURE (a/k/a David Lefevre).
No. 01-KA-1003.
Court of Appeal of Louisiana, Fifth Circuit.
January 15, 2002.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Mickey S. Delaup, *923 Donald Rowan, Vincent Paciera, Jr., Assistant District Attorneys, Gretna, LA, Attorneys for Plaintiff/Appellee.
Margaret S. Sollars, Thibodaux, LA, Attorney for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD, and CLARENCE E. McMANUS.
GOTHARD, Judge.
On January 30, 2001, this Court affirmed defendant, David Lefeure's, convictions on four counts of criminal behavior, reversed the conviction on one count, vacated the sentences, and remanded the matter to the trial court for re-sentencing. State v. Lefeure, 00-1142 (La.App. 5 Cir. 1/30/01), 778 So.2d 744. In this second criminal appeal, defendant seeks review of his sentence. The details of the crimes charged and the facts which supported the convictions were fully set forth in the previous appeal and will not be repeated herein. On remand, the trial court re-sentenced defendant in the four convictions which were upheld by this court.
In brief to this Court, defendant argues that he was deprived of his constitutional right to be represented by counsel during his re-sentencing hearing. The record shows that defendant represented himself at trial with attorney, John Benz, acting as advisor. However, after defendant was convicted, Mr. Benz represented defendant in the sentencing phase. Mr. Benz also filed a motion for new trial and a motion for appeal on behalf of defendant.
The minute entry of the re-sentencing indicates that defendant was again represented by attorney, John Benz. However, the transcript of the re-sentencing hearing contains the following colloquy:
MR. PACIERA: [The State]:
Vincent Paciera for the State. I think Mr. Lefeure represents himself, is that right, Mr. Lefeure?
MR. LEFEURE:
No sir, Mr. Benz represents me for sentencing.
THE COURT:
Well, Mr. Lefeure, you represented yourself during the course of the trial. You're here for sentencing, or a re-sentencing.
The trial judge then proceeded to re-sentence defendant. Although the minute entry indicates that defendant was represented by counsel, the transcript shows that defendant appeared in proper person at the re-sentencing. When there is a discrepancy between the transcript and the minute entry, the transcript prevails. State v. Lynch, 441 So.2d 732 (La.1983).
A review of the record reveals that defendant waived his right to counsel at trial, but did not waive his right to counsel during the sentencing or re-sentencing phases. The trial judge disregarded defendant's specific statement during re-sentencing that Mr. Benz represented him for sentencing. Although defendant elected to represent himself and declined the assistance of counsel at trial, the circumstances show that the defendant's waiver was limited to that particular stage of the proceedings, and did not include the sentencing phase.
An accused has a constitutional right to the assistance of counsel at every stage of criminal proceedings. La. Const. Art. 1, Section 13 (1974); State v. White, 325 So.2d 584, 585 (La.1976). Furthermore, the constitutional right to the assistance of counsel provided by the Sixth Amendment of the United States Constitution mandates the right, unless waived, to the assistance of counsel at every critical stage of the proceedings, including an initial or deferred sentencing. McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968). Sentence imposed without the *924 presence of defendant's attorney is illegal and of no effect, for certain vital issues cannot be raised and important rights may be lost if not raised or exercised prior to this stage of the proceedings. State v. Austin, 255 La. 108, 229 So.2d 717, 718 (La.1969). Unless a defendant has made a knowing and intelligent waiver of his right to counsel, any sentence imposed in the absence of counsel is invalid and must be set aside. State v. Williams, 374 So.2d 1215, 1217 (La.1979); State v. Hall, 99-2887 (La.App. 4 Cir. 10/4/00), 775 So.2d 52, 62-63.
In State v. Carpenter, 390 So.2d 1296 (La.1980), the Louisiana Supreme Court set forth the following law regarding a waiver of defendant's right to counsel:
The determination of whether there has been an intelligent waiver of the right to counsel depends upon the facts and circumstances surrounding the case, including the background, experience, and conduct of the accused. The record must establish that the accused knew what he was doing and that his choice was made "with eyes open." Thus, before a trial judge can allow a defendant to represent himself, he must determine whether defendant's waiver of counsel is intelligently and voluntarily made, and whether his assertion of his right to represent himself is clear and unequivocal.
. . . . . . . . . .
A competent election by the defendant to represent himself and to decline the assistance of counsel once made before the court carries forward through all further proceedings in that case unless the defendant expressly requests that counsel be appointed for subsequent proceedings or circumstances suggest that the defendant's waiver was limited to a particular stage of the proceedings. (Citations omitted).

Id. 390 So.2d at 1298-1299.
Given the circumstances of this case, we find the defendant's waiver of his right to counsel did not extend to the sentencing phase, and he was re-sentenced in violation of his constitutional right to counsel. Accordingly, we vacate the sentence and remand the matter for proceedings consistent with this opinion.
SENTENCE VACATED; MATTER REMANDED.