897 So.2d 749 (2005)
STATE of Louisiana
v.
Patricia F. PERRIN, Sandra A. Daous.
No. 04-KA-471.
Court of Appeal of Louisiana, Fifth Circuit.
February 15, 2005.
*750 Paul D. Connick, Jr., District Attorney, Terry Boudreaux, Thomas J. Butler, Appellate Counsel, Nancy A. Miller, Louis M. Butler, Trial Counsel, Assistant District Attorneys, Twenty-Fourth Judicial District, Parish of Jefferson, Gretna, LA, for The State of Lousiana.
Jane L. Beebe, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant, Patricia F. Perrin.
Holli Herrle-Castillo, Louisiana Appellate Project, Marrero, LA, for Defendant/Appellant, Sandra A. Daous.
Panel composed of Judges SOL GOTHARD, MARION F. EDWARDS, and SUSAN M. CHEHARDY.
PER CURIAM.
On February 22, 2001, the Jefferson Parish District Attorney's Office filed a bill of information against defendants, Sandra Daous and Patricia Perrin, charging each defendant with three counts of theft of goods valued between $100.00 and $500.00 from a merchant, in violation of La. R.S. 14:67.10. At arraignment, both defendants pled not guilty to all three counts. The matter proceeded to trial on January 24, 2002. After a two-day trial, the six-person jury found both defendants guilty as charged on counts one and three and guilty of the lesser charge of theft of goods valued under $100 on count two.
Defendants thereafter filed motions for new trial. On March 1, 2002, the trial judge denied the motions as to counts one and three and granted a new trial on count two on the grounds that the verdict was contrary to the law and evidence.[1] That same day, after both defendants waived the statutory sentencing delays, the trial judge sentenced each defendant to consecutive two-year sentences on counts one and three. Both defendants filed motions to reconsider sentence, which were denied. Both defendants also filed motions for appeal, which were granted.
On March 1, 2002, the State also filed bills of information against each defendant alleging each to be at least a fourth felony offender. On July 19, 2002, the trial judge found that the State presented sufficient evidence to prove that defendant Perrin was a fourth felony offender. On July 22, 2002, the trial judge vacated Perrin's original sentence on count one and imposed an enhanced sentence of 25 years at hard labor without benefits. The trial judge denied Perrin's motion to reconsider sentence and granted her motion for appeal.
On February 26, 2003, the trial judge found that the State presented sufficient evidence that defendant Daous was a fourth felony offender. On May 21, 2003, the trial judge vacated Daous' original sentence on count one and imposed an enhanced *751 sentence of 25 years at hard labor. The trial judge denied Daous' motion to reconsider sentence and granted her motion for appeal. This appeal follows.
Both Daous and Perrin argue in their first assignment of error that the trial court erred in denying their motions for new trial on counts one and three because the evidence was constitutionally insufficient to support the convictions[2] and several trial court rulings show prejudicial error. La.C.Cr.P. art. 851 states:
The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
The court, on motion of the defendant, shall grant a new trial whenever:
(1) The verdict is contrary to the law and the evidence;
(2) The court's ruling on a written motion, or an objection made during the proceedings, shows prejudicial error....
An appellate court may review the grant or denial of a new trial only "for error of law." La.C.Cr.P. art. 858; State v. Snyder, XXXX-XXXX (La.4/14/99), 750 So.2d 832, 858-860; State v. Toomer, 395 So.2d 1320, 1328 (La.1981)(grant or denial of a new trial under Article 851(5) "presents nothing for this Court's appellate review"); State v. Williams, 343 So.2d 1026, 1037 (La.1977), cert. denied, 434 U.S. 928, 98 S.Ct. 412, 54 L.Ed.2d 287 (1977); State v. Cortez, 503 So.2d 76, 78 (La.App. 5 Cir.1987); State v. Savoie, 448 So.2d 129, 135 (La.App. 1 Cir.1984), writ denied, 449 So.2d 1345 (La.1984).
Both defendants challenge the trial court's denial of their motions for new trial on counts one and three on the basis that they were prejudiced by the trial court's actions after removing defendant Daous and her trial attorney from the courtroom. Daous contends that she was prejudiced by the trial judge's actions after she was removed from the courtroom because, in her absence, the trial judge negatively commented on her attorney's trial technique and belittled her attorney in front of the jury. Daous contends these actions of the trial judge were highly prejudicial and warrant a new trial.
Daous also asserts her right to representation was violated when her attorney was removed from the trial during closing arguments. She maintains that she was prejudiced because she was left unrepresented, lost the right to object to jury charges, and, therefore, lost the right to raise potential issues on appeal. Perrin alleges the trial judge's comments regarding defense counsels' performances and the ultimate removal of one defense attorney from trial prejudiced the jury against both defendants.
*752 During the State's rebuttal to defendants' closing arguments, Daous' attorney asked to approach the bench to make an objection to the State's argument, which the trial judge allowed. Within minutes after the prosecutor continued her rebuttal, Daous' attorney asked to approach the bench a second time. The trial judge denied the request and instructed the State to continue its rebuttal. Daous' attorney continued to speak, interrupting the trial judge, and refused to take his seat. The trial judge, who had warned the attorney numerous times during trial about his interruptions and impudence, instructed the bailiff to remove the attorney from the courtroom. The trial judge instructed the prosecutor to "wrap it up," which she did. When the trial judge charged the jury, he instructed the jury as follows:
Now, one word about the outburst the [sic] that occurred before. You are not to consider that in any way. That is something to be dealt with by the court. It has nothing to do with the case. It is not evidence and you shouldn't and you may not consider it in any way in your deliberation  When I say the outburst, I'm talking about with the attorney. I had intended to give you this instruction earlier because there have been several like that and it culminated in that last one, but that has nothing to do with either of the defendants and you may not consider it and it should not be considered because that has nothing to do with whether or not they are guilty of a crime.
An accused has a constitutional right to the assistance of counsel at every stage of criminal proceedings. La. Const. art. I, § 13 (1974); State v. Lefeure, 01-1003 (La.App. 5 Cir. 1/15/02), 807 So.2d 922, 923. Furthermore, the Sixth Amendment to the United States Constitution mandates the right to counsel at every critical stage of the proceedings against him unless such right is waived. McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968); State v. Lefeure, supra. Prejudice is presumed when a defendant is denied counsel at a critical stage of a criminal proceeding by the total absence of counsel.[3]United States v. Cronic, 466 U.S. 648, 104 S.Ct. 2039, 2047, 80 L.Ed.2d 657 (1984); State v. Bradford, 02-1452 (La.App. 4 Cir. 4/23/03), 846 So.2d 880, 887, writ denied, 03-1410 (La.11/26/03), 860 So.2d 1133.
Our review of the record reveals that Daous' attorney was not present when the jury was charged. Thus, Daous was unrepresented during a critical stage of the proceedings in violation of her constitutional right to counsel. We find that the trial judge's removal of Daous' counsel from the courtroom during trial constitutes reversible error with respect to Daous.
Further, complete neutrality on the part of the presiding judge is essential to the concept of a fair trial. State v. Johnson, 438 So.2d 1091, 1101 (La.1983). A trial judge's disparaging remarks or intemperate criticism of defense counsel may constitute reversible error when such remarks adversely influence and prejudice the jury against the defendant. However, in order to constitute reversible error, the effect of the improper comments must be such as to have influenced the jury and contributed to the verdict. State v. Johnson, 438 So.2d at 1102; State v. Hubbard, 97-916 (La.App. 5 Cir. 1/27/98), 708 So.2d 1099, 1105, writ denied, 98-0643 (La.8/28/98), 723 So.2d 415.
*753 In this case, the trial judge spoke to Daous' attorney numerous times during bench conferences, outside of the hearing of the jury, about his conduct. The trial judge, however, reprimanded Daous' attorney in front of the jury before asking the bailiff to remove the attorney from the courtroom. We conclude that the trial judge's comments made in front of the jury adversely affected both defendants' right to a fair trial, prejudiced the jury against both defendants, and contributed to the unanimous guilty verdicts. We find that this constitutes reversible error with respect to both defendants.
We conclude, therefore, that the trial judge erred in denying defendants' motions for new trial on counts one and three. Further, because we have set aside their convictions and sentences, we pretermit discussion of the defendants' remaining assignments of error. Accordingly, we grant their motions for new trial, set aside their convictions and sentences, including their enhanced sentences, and remand the matter for new trials on counts one and three.
CONVICTIONS AND SENTENCES REVERSED; REMANDED FOR NEW TRIAL.
NOTES
[1] On March 1, 2002, the district attorney dismissed count two against both defendants.
[2] Defendants frame one of their claims as an error by the trial court in denying their motion for new trial under La.C.Cr.P. art. 851(1) (trial court shall grant a new trial when the verdict is contrary to the law and the evidence) and also ask this court to examine the evidence under the Jackson v. Virginia standard. However, a motion for new trial presents only the issue of the weight of the evidence, see Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982) (setting aside a verdict as against the weight of the evidence, as opposed to the insufficiency of the evidence, under the Due Process Clause does not bar retrial) and is examined or re-weighed by the trial judge under the so-called thirteenth juror standard. State v. Voorhies, 590 So.2d 776, 777 (La.App. 3 Cir.1991). The question of sufficiency is properly raised by a motion for post-verdict judgment of acquittal. La.C.Cr.P. art. 821; State v. Demery, 28,396, p. 6 (La.App. 2 Cir. 8/21/96), 679 So.2d 518, 522. But see Article 851, comment (d) ("[i]t is the duty of the trial judge to pass upon the sufficiency of the evidence" once ground (1) is raised under Article 851). In the instant case, because we are reversing the defendants' convictions and sentences on other grounds, we do not reach the constitutional issue of the sufficiency of the evidence.
[3] The United States Supreme Court has "has uniformly found constitutional error without any showing of prejudice when counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding." United States v. Cronic, supra 104 S.Ct. at 2047, fn. 25.