951 So.2d 1152 (2007)
STATE of Louisiana
v.
Kareem PRICE.
No. 06-KA-440.
Court of Appeal of Louisiana, Fifth Circuit.
January 16, 2007.
*1153 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Anne Wallis, Vincent Paciera, Assistant District Attorneys, Twenty-Fourth Judicial District, Parish of Jefferson, Gretna, Louisiana, for Plaintiff/Appellee.
Christopher A. Aberle, Louisiana Appellate Project, Mandeville, Louisiana, for Defendant/Appellant.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and FREDERICKA HOMBERG WICKER.
THOMAS F. DALEY, Judge.
This is the defendant's second appeal to this Court. In the first appeal, this Court affirmed the defendant's conviction of armed robbery committed with a firearm. Although this Court rejected the defendant's claim that his 40-year sentence was excessive, the Court vacated the sentence, finding it was indeterminate because the trial judge did not state whether the 40-year sentence at hard labor without benefit of parole, probation, or suspension of sentence included the increased 5-year firearm enhancement provided by LSA-R.S. 14:64.3. State v. Price, (La.App. 5 Cir. 3/1/05), 909 So.2d 612, 617.
Following remand, after properly notifying the defendant of the prescriptive period for post-conviction relief, the judge re-imposed the 40-year sentence, clarifying that he had originally intended to sentence the defendant to 35 years at hard labor for armed robbery, and an additional 5 years for the firearm enhancement, for a total of 40 years.
The defendant filed a pro se Motion for Appeal and for Appointment of Counsel. The defendant's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). However, during our review of this matter it was discovered that upon re-sentencing, defendant was not represented by counsel. This Court denied the defendant's attorney's Motion to Withdraw and ordered him to file a brief addressing this issue. Defendant's attorney complied with this order and he filed a brief on defendant's behalf claiming defendant was entitled to be represented by counsel at re-sentencing. The brief points out that, after this Court vacated defendant's sentence, the trial court corrected the sentence by re-sentencing defendant.
A defendant has the right to counsel at every critical stage of the proceedings *1154 against him, including sentencing. See, State v. Kirsch, 01-1017 (La.App. 5 Cir. 3/26/02), 815 So.2d 215, 217, citing McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968); La. Const. art. I, § 13. Furthermore, the constitutional right to the assistance of counsel provided by the Sixth Amendment of the United States Constitution mandates the right, unless waived, to the assistance of counsel at every critical stage of the proceedings, including an initial or deferred sentencing. See, State v. Lefeure, 01-1003 (La.App. 5 Cir. 1/15/02), 807 So.2d 922, 923-924, and cases cited therein. Sentence imposed without the presence of defendant's attorney is illegal and of no effect, for certain vital issues cannot be raised and important rights may be lost if not raised or exercised prior to this stage of the proceedings. Id. Unless a defendant has made a knowing and intelligent waiver of his right to counsel, any sentence imposed in the absence of counsel is invalid and must be set aside. See, State v. Lefeure, at 924, and the cases cited therein.
In State v. Lefeure, supra, the defendant complained that he was re-sentenced in violation of his right to counsel. In that case, this Court noted that it had previously vacated the defendant's sentence as excessive and remanded for re-sentencing. On the defendant's appeal following his re-sentencing, this Court found that the defendant had waived counsel during the trial, but that the waiver of counsel did not extend to the sentencing phase. Thus, this Court found that the defendant was re-sentenced in violation of his right to counsel and vacated the sentence and remanded for re-sentencing. Lefeure, 807 So.2d at 924.
In the instant case, the record indicates that the defendant appeared before the trial judge at re-sentencing without counsel and was not questioned to determine if he knowingly and intelligently waived his right to counsel at that time. Accordingly, we vacate the sentence and remand for re-sentencing with the presence of counsel.
For the foregoing reasons, the defendant's sentence is vacated. This matter is remanded to the trial court for proceedings consistent with this opinion.
SENTENCE VACATED; MATTER REMANDED.