STATE OF LOUISIANA
v.
MICHAEL J. SOPCZAK
No. 2009 KA 0400.
Court of Appeal of Louisiana, First Circuit.
December 23, 2009.
NOT DESIGNATED FOR PUBLICATION
SCOTT M. PERRILLOUX, District Attorney LE'ANNE MALNAR, Asst. District Attorney Kurt Wall, Asst. District Attorney Livingston, LA Attorneys for State-Appellee.
JEFFERY T. OGLESBEE Albany, LA, Attorney for Defendant-Appellant Michael J. Sopczak
MICHAEL J. SOPCZAK St. Gabriel, LA In Proper Person Defendant  Appellant.
Before: WHIPPLE, HUGHES, and WELCH, JJ.
WELCH, J.
The defendant, Michael J. Sopczak, was charged by bill of information with simple burglary, a violation of La. R.S. 14:62. The defendant entered a plea of not guilty. After a trial by jury, the defendant was found guilty as charged. The trial court denied the defendant's motion for new trial and motion in arrest of judgment. The defendant was sentenced to twelve years imprisonment at hard labor. The trial court denied the defendant's motion to reconsider sentence. The defendant appealed to this court, raising several assignments of error including sufficiency of the evidence and other alleged trial errors. In an unpublished opinion, this court affirmed the conviction and sentence. State v. Sopczak, XXXX-XXXX (La. App. 1st Cir. 6/6/08), 986 So.2d 254, writ denied, 2008-2383 (La. 10/2/09), ___ So.3d ___. The defendant was adjudicated a fourth felony habitual offender. The trial court vacated the original sentence and sentenced the defendant to twenty years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence. The defendant now appeals, challenging the validity of the habitual offender adjudication and sentence in counseled and pro se briefs. Based on the following reasons, we affirm the habitual offender adjudication and the sentence.[1]

PRO SE AND COUNSELED ASSIGNMENT OF ERROR NUMBER ONE
In the pro se brief, the defendant contends that the trial court did not make an inquiry or inform him of the dangers and disadvantages of self-representation regarding the habitual offender hearing. The defendant further contends that the appointment of standby counsel does not cure a defective waiver. The defendant argues that this matter should be remanded to the trial court for further proceedings in the interest of justice, judicial economy, and fair play. The counseled brief adopts the argument in the pro se brief, adding that any waiver prior to the habitual offender proceeding is insufficient and must be disregarded. The State contends that the defendant's prior waiver of counsel carries forward to the habitual offender proceeding. In his pro se reply brief, the defendant argues that the standby counsel appointed for the trial did not have knowledge of the case and was unable to present a defense. The defendant alternatively argues that if this court finds his prior waiver of counsel valid, the appointment of standby counsel was a denial of the defendant's right to selfrepresentation.
At each stage of the proceedings, every person is entitled to assistance of counsel of his choice or to counsel appointed by the court if he is indigent and charged with an offense punishable by imprisonment. La. Const, art. I, § 13. The Sixth Amendment to the United States Constitution likewise carries such a guarantee. Although the Sixth Amendment primarily guarantees the right to effective counsel, it also includes the right to select and be represented by counsel of choice. However, a criminal defendant's right to the counsel of his choice is not absolute. State v. Brown, XXXX-XXXX, pp. 10-11 (La. 4/12/05), 907 So.2d 1, 11-12, cert, denied, 547 U.S. 1022, 126 S.Ct. 1569, 164 L.Ed.2d 305 (2006). A defendant's right to counsel of his choice cannot be manipulated "to obstruct orderly court procedure or to interfere with the fair administration of justice." State v. Bridgewater, XXXX-XXXX, p. 20 (La. 1/15/02), 823 So.2d 877, 896, cert, denied, 537 U.S. 1227, 123 S.Ct. 1266, 154 L.Ed.2d 1089 (2003). Thus, a defendant "must exercise his right to counsel of his choice at a reasonable time, in a reasonable manner and at an appropriate stage of the proceedings." State v. Seiss, 428 So.2d 444, 447 (La. 1983); State v. Sensley, 460 So.2d 692, 699 (La. App. 1st Cir. 1984), writ denied, 464 So.2d 1374 (La. 1985).
When a defendant elects to represent himself pro se, the trial court may appoint standby counsel to explain and enforce basic rules of courtroom protocol. State v. Bonit, XXXX-XXXX, p. 6 (La. App. 1st Cir. 2/10/06), 928 So.2d 633, 638, writ denied, XXXX-XXXX (La. 3/16/07), 952 So.2d 688 (quoting McKaskle v. Wiggins, 465 U.S. 168, 184, 104 S.Ct. 944, 954, 79 L.Ed.2d 122 (1984)). Unless a defendant has made a knowing and intelligent waiver of his right to counsel, any sentence imposed in the absence of counsel is invalid and must be set aside. State v. Williams, 374 So.2d 1215, 1217 (La. 1979); State v. Hall, 99-2887, p. 16 (La. App. 4st Cir. 10/4/00), 775 So.2d 52, 63. A competent election by the defendant to represent himself and to decline the assistance of counsel once made before the court carries forward through all further proceedings in that case unless the defendant expressly requests that counsel be appointed for subsequent proceedings or circumstances suggest that the defendant's waiver was limited to a particular stage of the proceedings. State v. Carpenter, 390 So.2d 1296, 1298-1299 (La. 1980).
In State v. Lefeure, XXXX-XXXX (La. App. 5st Cir. 1/15/02), 807 So.2d 922, the defendant represented himself at trial with an attorney acting as an advisor. After defendant was convicted, he was represented by counsel in the sentencing phase and on motion for new trial and a motion for appeal. In separate appeals, the defendant's convictions on four counts of criminal behavior were affirmed, one count was reversed, the sentences were vacated, and the matter was remanded to the trial court for resentencing. Lefeure, XXXX-XXXX at p. 5, 807 So.2d at 924; State v. Lefeure, XXXX-XXXX, p. 20 (La. App. 5st Cir. 1/30/01), 778 So.2d 744, 756, writ denied, XXXX-XXXX (La. 9/21/01), 797 So.2d 669, writ dismissed, XXXX-XXXX (La. 2/22/02), 809 So.2d 980. On remand, the trial court resentenced the defendant in the four convictions that had been upheld. According to the transcript, the defendant therein appeared in proper person at the resentencing. At the resentencing proceeding, the State asked the defendant if he would be representing himself and the defendant specifically stated, "No sir, Mr. Benz represents me for sentencing." The trial judge disregarded the defendant's statement and proceeded to sentence him in the absence of his sentencing attorney. The Fifth Circuit Court of Appeal found that, although the defendant elected to represent himself and declined the assistance of counsel at trial, the circumstances showed that the defendant's waiver did not include the resentencing phase. Lefeure, XXXX-XXXX at pp. 3-4, 807 So.2d at 923-924.
Herein, the defendant pled not guilty on October 14, 2004, in the presence of private counsel, Wayne Stewart. During pretrial proceedings, on August 11, 2005, the defendant waived counsel and asked the trial court to appoint standby counsel. The appointed standby counsel made numerous objections during the State's direct examination of witnesses and thoroughly cross-examined the State's witnesses. The standby counsel also represented the defendant during the original sentencing proceeding. This court previously upheld the trial court's appointment of standby counsel. At the habitual offender adjudication and resentencing proceeding, the State noted that the defendant's appellate counsel represented him on appeal but not on the habitual offender matter. The trial court asked the defendant if he would be representing himself and the defendant replied, "Well, I guess it kind of looks that way again."
We find the defendant's waiver of his right to counsel extended to the sentencing phase. In Lefeure, the defendant expressed his desire to be represented by counsel at the resentencing proceeding. The defendant did not do so in this case and the record is devoid of circumstances that would suggest that the defendant's previous waiver was limited to a particular stage of the proceedings. These assignments of error are without merit.

PRO SE ASSIGNMENT OF ERROR NUMBER TWO
In the second pro se assignment of error, the defendant contends that the sentence imposed in this case is unconstitutionally excessive as it does not accord due weight to the circumstances of the case. The defendant notes that he did not have a history of felony convictions before a 1988 accident overseas. The defendant further notes that after the accident, he was diagnosed with posttraumatic stress disorder, organic brain damage, and major depression. Finally, the defendant notes that his crimes were non-violent property crimes. The defendant reiterates these contentions in his reply pro se brief.
The defendant's excessive sentence claims are procedurally barred. The record does not reflect either an oral or written motion to reconsider the new sentence imposed on October 16, 2008. When his new sentence was imposed, the defendant made no comment that could be interpreted as an objection to the new sentence. In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the State or defendant may make or file a motion to reconsider sentence. La. C.Cr.P. art. 881.1(A)(1). The motion shall be oral at the time of sentence or shall be in writing thereafter and shall set forth the specific grounds on which the motion is based. La. C.Cr.P. art. 881.1(B). Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the State or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review. La. C.Cr.P. art. 881.1(E). One purpose of the motion to reconsider is to allow the defendant to raise any errors that may have occurred in sentencing while the trial judge still has the jurisdiction to change or correct the sentence. The considerations that require giving the trial judge an opportunity to reconsider a sentence apply equally when a trial judge has imposed a new and different sentence. See State v. Smith, XXXX-XXXX, pp. 6-7 (La. App. 1st Cir. 4/7/04), 879 So.2d 179, 183 (en banc). Accordingly, review of the instant assignment of error is procedurally barred.

PRO SE ASSIGNMENT OF ERROR NUMBER THREE AND COUNSELED ASSIGNMENT OF ERROR NUMBERS TWO AND THREE
The arguments raised in the following assignments of error are closely related. In pro se assignment of error number three, the defendant contends that he was not duly cautioned as to any rights prior to making stipulations to the State's evidence. The second assignment of error of the counseled brief adds that the trial court failed to properly advise the defendant of the proceedings, failed to give him an adequate opportunity to file particular objections to the information following his denial, and notes that the defendant may not have had a copy of the habitual offender petition. Both briefs cite La. R.S. 15:529.1(D). The third assignment of error of the counseled brief reiterates the argument that the trial court failed to advise the defendant of his rights, specifically his right to remain silent.
Although the right to remain silent is not specifically set forth in La. R.S. 15:529.1, in State v. Johnson, 432 So.2d 815 (La. 1983), the Louisiana Supreme Court held this statute clearly recognizes the defendant has the right to remain silent, and the statute implicitly provides the defendant should be advised by the court of his right to remain silent. The court in Johnson, relying on State v. Martin, 427 So.2d 1182 (La. 1983), further stated that La. R.S. 15:529.1(D) specifically provides that the defendant shall be advised of his right to a formal hearing and to have the State prove its case. Johnson, 432 So.2d at 817. Such error is harmless when the defendant is adjudicated a habitual offender after a full hearing, and the defendant does not testify or acknowledge his status as a habitual offender. State v. Mickey, 604 So.2d 675, 678 (La. App. 1st Cir. 1992), writ denied, 610 So.2d 795 (La. 1993).
In this case, although the defendant was not apprised of the foregoing rights prior to his habitual offender proceeding, the defendant did not testify or acknowledge his status as a habitual offender. Moreover, the defendant was given the opportunity and did make specific objection regarding the habitual offender petition. The defendant specifically stated that two of his 1995 convictions should not be "severed," arguing that they occurred on "the same date, the same transaction, the same plan, the same scheme." A full hearing was held and the State was required to prove the defendant's habitual offender status. Accordingly, any procedural error regarding the advisement of rights concerning the habitual offender hearing was harmless. These assignments of error lack merit.

PRO SE AND COUNSELED ASSIGNMENT OF ERROR NUMBER FOUR
In the fourth pro se and counseled assignments of error, the defendant contends that the trial court erred in allowing the State to use multiple convictions obtained on the same day as predicate convictions to establish his multiple offender status. The counseled brief specifically refers to convictions obtained on February 15, 1995, for two counts of unauthorized entry of an inhabited dwelling. The defendant reiterates these contentions in his reply pro se brief.
The bill of information in the State's exhibits indicates that the offenses under docket number 932809 were committed on or about May 11, 1993, and on or about May 16, 1993, in two distinct garages with distinct owners. The bill of information for the offenses of simple burglary under docket number 94-382 indicates that those offenses were committed on or about December 23, 1993, involving automobiles with two distinct owners.
The court in State v. Johnson, 2003-2993, pp. 17-18 (La. 10/19/04), 884 So.2d 568, 578-579, held that under the habitual offender statute, multiple convictions obtained on the same date but based on unrelated conduct can be counted separately for sentence enhancement, thereby overruling State ex rel. Mims v. Butler, 601 So.2d 649 (La. 1992). Thereafter, effective August 15, 2005, La. R.S. 15:529.1(B) was amended to provide, in pertinent part, "[m]ultiple convictions obtained on the same day prior to October 19, 2004, shall be counted as one conviction for the purpose of this Section." See 2005 La. Acts No. 218, § 1.
The instant offense was committed on or about September 5, 2004, prior to the effective date of 2005 La. Acts No. 218, § 1. Additionally, the applicable habitual offender provisions are those in effect on the date the defendant committed the underlying offense. State v. Parker, XXXX-XXXX, p. 17 (La. 4/14/04), 871 So.2d 317, 327. Accordingly, the habitual offender law in effect on September 5, 2004, as interpreted by Johnson, rather than Mims, controlled this case. We find that the predicate convictions at issue were based on unrelated conduct. Thus, under the applicable law, there was no bar to the State using them as separate predicate convictions to enhance the instant offense. These assignments of error lack merit.

PRO SE ASSIGNMENT OF ERROR NUMBER FIVE
In the fifth pro se assignment of error, the defendant argues that the State failed to carry its burden of proof at the multiple offender adjudication. The defendant specifically contends that the minutes of the 1995 convictions do not stipulate the three Boykin rights were given at the plea. Thus, the defendant contends that the State's evidence as to the 1995 convictions was insufficient. The defendant did not contest the 2001 simple burglary predicate conviction.
If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that the defendant was represented by counsel when the pleas were taken. State v. Shelton, 621 So.2d 769, 779-80 (La. 1993). If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State. The State will meet its burden of proof if it introduces a "perfect" transcript of the taking of the guilty plea, one that reflects a colloquy between the judge and the defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self-incrimination, and his right to confront his accusers. Shelton, 621 So.2d at 779-780. If the State introduces anything less than a perfect transcript, for example, a guilty plea form, a minute entry, an imperfect transcript, or any combination thereof, the judge then must weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving that the defendant's prior guilty plea was informed and voluntary, and made with an articulated waiver of the three Boykin rights.[2] Shelton, 621 So.2d at 780; State v. Bickham, 98-1839, p. 4 (La. App. 1st Cir. 6/25/99), 739 So.2d 887, 889-890. The purpose of the rule of Shelton is to demarcate sharply the differences between direct review of a conviction resulting from a guilty plea, in which the appellate court may not presume a valid waiver of rights from a silent record, and a collateral attack on a final conviction used in a subsequent recidivist proceeding, as to which a presumption of regularity attaches to promote the interests of finality. See State v. Deville, XXXX-XXXX, p. 4 (La. 7/2/04), 879 So.2d 689, 691 (per curiam).
A careful review of the documentation introduced by the State in support of the use of the 1995 predicates to establish the defendant's habitual offender status convinces us that the State met its initial burden under Shelton. Specifically, the State introduced fingerprint evidence to show that the defendant was the same person convicted in the cases at issue. The State proved the existence of the convictions at issue and that the defendant was represented by counsel by admitting the bills of information and minutes for the guilty plea convictions. Thereafter, the defendant failed to produce any affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. Accordingly, the State had no burden to prove the constitutionality of predicates at issue by "perfect" transcript or otherwise. This assignment of error lacks merit.

SENTENCING ERROR
Under La. C.Cr.P. art. 920(2), we routinely review the record for errors discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence. After a careful review of the record in these proceedings, we note the following sentencing error. The habitual offender statute, La. R.S. 15:529.1(A)(l)(c)(ii), provides, in pertinent part:
Any person who, after having been convicted within this state of a felony ... thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:...
... If the fourth felony and the two prior felonies are felonies defined ... as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more, or any other crime punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
The following prior felony convictions were considered in the adjudication of defendant as a fourth-felony habitual offender as to the instant conviction: a 2001 simple burglary conviction, 1995 unauthorized entry of an inhabited dwelling convictions (two counts), and 1995 simple burglary convictions (two counts). Simple burglary is an offense punishable by imprisonment of twelve years. See La. R.S. 14:62(B). Thus, in accordance with La. R.S. 15:529.l(A)(l)(c)(ii), the defendant was subject to a mandatory life imprisonment sentence upon enhancement. An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. La. C.Cr.P. art. 882(A). The trial court did not articulate a basis for departing downward from the minimum sentence under the Habitual Offender Law, as required by State v. Johnson, 97-1906, pp. 8-9 (La. 3/4/98), 709 So.2d 672, 677. Nevertheless, although the trial court apparently erred in imposing an illegally lenient sentence, this court will not correct the sentence as the error is in the defendant's favor and the State has not appealed the illegal sentence. State v. Price, 2005-2514, pp. 18-22 (La. App. 1st Cir. 12/28/06), 952 So.2d 112, 123-25 (en banc), writ denied, XXXX-XXXX (La. 2/22/08), 976 So.2d 1277.

CONCLUSION
For the foregoing reasons, the defendant's habitual offender adjudication and sentence are affirmed.
HABITUAL OFFENDER ADJUDICATION AND SENTENCE AFFIRMED.
HUGHES, J., dissenting.
I respectfully dissent. The 1995 minute entries indicate only that the defendant was advised of his "rights". This raises the issue of whether the three Boykin rights were articulated. The state did not prove that they were. The defendant cannot be expected to prove a negative in order to "shift the burden".
NOTES
[1] The statement of facts was presented in this court's previous opinion for the defendant's first appeal in this case and will not be restated herein.
[2] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) requires that a trial court ascertain, before accepting a guilty plea that the defendant has voluntarily and intelligently waived: (1) his right against compulsory self-incrimination; (2) his right to trial by jury; and (3) his right to confront his accusers. Boykin only requires a defendant be informed of these three rights. State v. Bickham, 98-1839, p. 4 (La. App. 1st Cir. 6/25/99), 739 So.2d 887, 890.