HANS J. LILJEBERG, Judge.
|aOn appeal, defendant, Nathan Wilson, argues the sentence imposed against him outside the presence of counsel is illegal and without effect, and requests that this Court remand the matter to the trial court for resentencing with the benefit of counsel. For the reasons set forth more fully below, we vacate defendant’s sentence and remand this matter to the trial court for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

On September 11, 2002, defendant entered guilty pleas under North Carolina *904 v. Alford[1] -in two cases pending against him in the 24th Judicial District Court for the Parish of Jefferson. According to the transcript, defendant agreed to a total sentence of 18 years, 16 of which were to be served without the benefit of probation, parole or suspension of sentence. In Case No. 02-2628, which is on appeal before this Court, defendant pleaded guilty under Alford to possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1. The transcript indicates the trial court sentenced defendaht to" “16 years” on this charge concurrent with all other sentences. The commitment states the trial court Sentenced defendant to “imprisonment at hard labor for a term of 16 years” concurrent with defendant’s other sentences.[2]
On that same day in Case No. 02 — 4244, which is not on appeal, defendant entered a guilty plea under Alford to two counts of distribution of marijuana in violation of La. R.S. 40:960(A), Defendant also entered a guilty plea to a multiple offender bill which accused him of being a second felony offender and sought to enhance defendant’s sentence on one of the distribution of marijuana counts. According to the transcript, the trial court did not sentence defendant separately on the underlying counts and multiple bill, but rather sentenced defendant on both counts to “18 years, 16 of which is without the benefit of probation, parole or suspension of sentence” concurrent with defendant’s other sentences.[3]
The next action relevant to this appeal occurred in 2012. In his appellate brief, defendant contends that in April 2012, he filed a Motion to Correct Illegal Sentence in Case No. 02-4244, which the trial court set for hearing on June 14, 2012. The appeal record does not contain a copy of this motion, and neither defendant nor . the State filed any other, motions in the present matter which were set for hearing on June 14, 2012. Therefore, it appears the trial court placed Case No. 02-2528 on the docket .on its own motion.
I .According to the , transcript, defendant appeared before the trial court on June 14, 2012, without counsel. The trial court granted defendant’s Motion to Correct Illegal Sentence and vacated defendant’s sentences in both Case Nos. 02-4244.and 02-2528. The trial court then resentenced defendant in Case. No, 02-4244 to 18 years at hard labor, the first five years without probation, parole or suspension of sentence on the two distribution of marijuana counts. The trial court vacated the sentence on the first distribution of marijuana count and sentenced defendant'on a multiple bill to 18 years without the benefit of probation and suspension of sentence, with *905 the first five years without :the benefit of probation, parole or' suspension of. sentence. . .
In Case No. 02-2528, the trial ‘court cited its authority to correct an illegal sentence pursuant to La.C,Cr.P. art. 882,[4] and resentenced defendant to 15 years at hard labor without the benefit of probation, parole or- suspension .sentence for violating La. R.S. 14:95.1.[5] The June 14, 2012 commitment and Louisiana Uniform Commitment Order state this sentence is to run concurrently with defendant’s sentences in Case No. 02-4244 and defendant’s sentence for his prior parole violation. However, the June 14, 2012 transcript indicates the trial court failed to state on the record that these sentences were to run concurrent with one another and with defendant’s parole violation sentence as agreed when defendant entered . into his guilty pleas on September 11, 2002.
On June 11, 2013, defendant filed an application for post-conviction relief in Case No. 02-2528. In his application, defendant argued his new sentence was invalid because the trial court sentenced him without the benefit of counsel.
I r,Defendant also noted the trial court failed to run all of his sentences concurrently, thereby exposing him to a sentence in excess of the sentences he received in 2002.'
The trial court ordered the State' to respond to the application for postconvietion relief by filing procedural objections or by filing an answer on the merits. In its response, the State raised a procedural objection and argued sentencing errors are not cognizable on post-conviction relief. The State further argued at the December 17, 2014 hearing that pursuant to the Third Circuit’s decision in State v. Champagne, 506 So.2d 1377 (La.App. 3 Cir.1987), defendant was not entitled to the benefit of-counsel because the trial court merely corrected an illegal sentence.
, Following the hearing, the trial court found .defendant failed to state a claim for post-conviction relief, and further found that even if he did state a - claim, “the Champagne case governs.” Defendant then filed a . writ application with this Court. On February 25, 2015, we granted this application, vacated, the district court’s December 17, 2014 ruling and remanded the matter to the trial court to consider the writ application as a motion for out-of-time appeal. Following remand, the Clerk of Court for the Twenty-Fourth Judicial District Court issued notices of appeal.
Defendant contends the trial court erred by resentencing him in Case No. 02-2528, without the presence of counsel. He argues the transcript prevails when the trial court fails to state the sentences are to run concurrent on the record and the absence of counsel resulted in consecutive sentences totaling 51 years at hard labor, as opposed to the 18 concurrent years he received in 2002 pursuant to his plea agreement. Defendant also filed a supplemental appellate brief explaining that according to his Master Prison Record provided by the Louisiana Department |nof Corrections (“DOC”), his séntences are *906 running concurrently.[6] Regardless, defendant continues to argue the absence of counsel during his resentencing rendered his sentence invalid and asks this Court to remand the matter for resentencing.

LAW AND DISCUSSION

In support of his argument that his sentence is invalid, defendant cites to State v. Lefeure, 01-1003 (La.App. 5 Cir. 1/15/02), 807 So.2d 922, 928-924, and State v. Price, 06-440 (La.App. 5 Cir. 1/16/07), 951 So.2d 1152, 1153, writ denied, 12-2604 (La.5/3/13), 113 So.3d 211. In Price, this Court held that unless a defendant makes a knowing and intelligent waiver of his right to counsel, any sentence imposed' in the absence of counsel is invalid and must be set aside. In Price, the trial court sentenced the defendant to 40 years at hard labor for committing armed robbery with a firearm, but failed to state whether this sentence included the mandatory 5-year firearm enhancement provided by La. R.S. 14:64.3. This Court vacated the defendant’s sentence because it was indeterminate and remanded the matter to the trial court to state whether the trial court intended for the 40-year sentence to include the 5-year enhancement. On remand, the trial court re-imposed the-40year sentence and explained that he intended to sentence the defendant to 35 years at hard labor for armed robbery, and an additional 5 years for the firearm ehhancement, for a total of 40 years.
The defendant in Price filed a second appeal and upon review, this Court determined the defendant was resentenced without representation of counsel, vacated the sentence and remanded for resentenc-ing with counsel. In reaching this determination, this Court provided the following reasons:
|7A defendant has the right to counsel at every critical stage of the proceedings against him, including sentencing. See, State v. Kirsch, 01-1017 (La.App. 5 Cir. 3/26/02), 815 So.2d 215, 217, citing McConnell v. Rhay, 393 U.S. 2, 89 S.Ct., 32, 21 L.Ed.2d 2 (1968); La. Const. art. I, § 13. Furthermore, the constitutional .right to the assistance of counsel provided by the Sixth Amendment of the United States Constitution mandates the right, unless waived, to the assistance of counsel at every critical stage, of the proceedings, including an initial or deferred sentencing. See, State v. Lefeure, 01-1003 (La.App. 5 Cir. 1/15/02), 807 So.2d 922, 923-924, and cases cited therein. Sentence imposed without the presence of defendant’s attorney is illegal and of no effect, for certain vital issues cannot be raised and important rights may be lost if not raised or exercised prior to this stage of the proceedings. Id. Unless a defendant has made a knowing and intelligent waiver of his right to counsel, any sentence imposed in the absence of counsel is invalid and must be set aside. See, State v. Lefeure, at 924, and the cases cited therein.
In State v. Lefeure, supra, the defendant complained that; he was re-sentenced in violation of his right to counsel. In that case,, .this Court noted that it had previously vacated the defendant’s sentence as excessive and remanded for re-sentencing. On the defendant’s appeal . following his re-sentencing, this Court found that the defendant had waived counsel during the trial, but that the waiver of counsel did not extend to the sentencing phase. Thus, this Court found that the defendant was re-sentenced in violation of his right to counsel and vacated the sentence and remanded *907 for re-sentencing. Lefeure, 807 So.2d at 924.
Id. at 1158-54.
The State argues in response that Louisiana jurisprudence draws a distinction between sentencing in the first instance and the correction of an illegal sentence. In State v. Champagne, supra, the defendant argued in his first appeal that the trial court failed to sentence him in accordance with his plea agreement because his sentences were run consecutively. The appellate court affirmed the defendant’s convictions, and remanded the matter to the trial court to correct the defendant’s sentences by running them concurrently so he would receive a sentence which complied with his plea bargain. The trial court corrected the defendant’s sentence outside of the defendant’s presence and without holding a hearing.
|sIn his second appeal, the defendant in Champagne argued the trial court erred in resentencing him outside of his presence and without a hearing. The Third Circuit determined that no statutory or jurisprudential authority mandated the defendant’s presence when the trial court was simply correcting an illegal sentence. Id. at 1378-79. The court further emphasized that the original sentence imposed by the trial judge was not vacated by the .appellate court on his first appeal, but was remanded to the trial court to correct the sentences imposed to run concurrently rather than consecutively.
While we agree in certain instances a court may correct an illegal sentence outside of the presence of a defendant and his counsel, we find the Champagne case is distinguishable from the instant matter. Unlike Champagne, when the trial court resentenced defendant on June 14, 2012, it was not acting in response to a directive from an appellate court to simply amend a sentence to comport with the terms of a plea agreement which benefitted the defendant. Rather, the trial court vacated a sentence on its own motion in open court. The trial court then significantly extended the length of defendant’s total sentence when it failed to state on the record that the sentence ran concurrently with defendant’s other sentences.[7] Considering these circumstances and this Court’s holdings in Lefeure arid Price, we find defendant had a right to counsel during re-sentencing to protect his interests.[8] The June 14, 2012 sentence imposed in the absence of counsel in Case No. 02-2528 is invalid and must be set aside.
| ¿DECREE
For the foregoing reasons, we vacate defendant’s sentence in Case No. 02-2528, and remand the matter to the trial court to *908 resentence defendant with the benefit of counsel.
SENTENCE VACATED,• REMANDED FOR RESENTENCING

. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct 160, 27 L.Ed.2d 162 (1970).

. The law in effect at the time of the commission of the offense provides the applicable penalty for the crime. State v. Flagg, 01-965 (La.App. 5 Cir, 3/26/02), 815 So.2d 208, 210. According to the bill of information in Case No. 02-2528, defendant committed the offense on April 9, 2002. The sentencing range for a violation of La. R.S. 14:95,1 on that-(late was not less than ten nor more than fifteen years at hard labor without the benefit of probation, parole or suspension of sentence, and a fine not less than one thousand dollars nor more than five thousand dollars.

.The bill of Information for Case No. 02-4244 Is not in the record on appeal before this Court. Therefore, we do not know the dates of commission for these offenses, However, Section 1 of Act 45 of the 2002 Louisiana Legislature ehanged the sentencing range for a violation of La. R.S, 40:966(A), distribution of marijuana, to “imprisonment at hard labor for not less than five nor more than thirty years, and pay u fine of not more than fifty thousand dollars," Act 45 further provided, “Section 1 of this Act shall be applied retroactively to June 15, 2001 and shall be applied to ' any crime committed subject to the penalties provided in such Subsection on and after such date.”

. La.C.Cr.P, art. 882(A) provides that an Illegal sentence may be corrected at -any time by the court which imposed the sentence.

. The trial court did not specify on- the record the terms it intended to correct on its own motion. However, after comparing the September 11, 2002 and June 14, 2012 trim-scripts, it appears the trial court corrected the sentence to add that it must be served at-"hard labor” ancl "without the benefit of probation, parole or suspension of sentence," The trial court did not impose the mandatory $1,000 fine required by La. R.S. 14:95.1(B).

. The June 14, 2012 Uniform Commitment Order, which the trial court provided to the DOC, states the sentences were to run concurrent.

. The transcript prevails when there is a discrepancy between the commitment and the transcript regarding the concurrent or consecutive nature of sentences. State v. England, 09-746 (La.App. 5 Cir. 3/9/10), 38 So.3d 383, 389.

. We also note that the corrective action the trial court took in Case No. 02-2528 was actually unnecessary. Pursuant .to La. R.S, 15:301.1, the failure to state a sentence must be served without the benefit of probation, parole or suspension of sentence is corrected automatically by operation of law. Furthermore, when hard labor is a mandatory requirement of the sentence, the , trial judge's failure to impose hard labor on the record is not an error requiring corrective action if the commitment includes the hard labor requirement. See State v. Laviolette, 06-92 (La.App. 5 Cir. 9/26/06), 943 So.2d 527, 537, writ denied, 06-2585 (La.5/18/07), 957 So.2d 149. However, because the trial court failed to run the sentence concurrent and the transcript prevails, we must remand this matter for re-sentencing with the benefit of counsel.